SHORTESS, Judge.
Louis Michel (defendant) was charged by bill of information with two counts of distribution of marijuana, LSA-R.S. 40:966(A)(1). After trial by jury, he was convicted as charged. The trial court sentenced defendant to five years imprisonment at hard labor on each count, concurrent, with two years of each sentence suspended and, upon release from incarceration, defendant is required to serve two years of supervised probation with special conditions.
Defendant appealed his convictions, urging eleven assignments of error, including his claim the trial court erred when it admitted the chemical analysis reports. This court conditionally affirmed the convictions and sentences and remanded for a reopened hearing on the admissibility of the scientific analysis reports, in particular, to determine whether either of defendant’s attorneys received notice of the State’s intent to introduce the certificate of analysis reports as required by LSA-R.S. 15:501(A).[1] State v. Michel, 581 So.2d 771, (La.App. 1st Cir.1991) (unpublished). Upon remand, the trial court received testimony and ruled that both of defendant’s previous attorneys had received notice.
Defendant again appeals, urging in two assignments of error that the trial court erred in determining the certificate of analysis reports were admissible and erred in determining the State complied with the notice requirements of LSA-R.S. 15:501. Defendant argues the State did not meet its burden of establishing that either of defendant’s previous attorneys received notice. Defendant further contends that even if the evidence was sufficient to conclude the attorneys received notice, the method chosen for sending the notice (certified mail) was improper because service by the Sheriff’s Office was required.
On two separate occasions, defendant sold marijuana to an undercover state police officer. At the trial, the State introduced scientific analysis reports prepared by the Louisiana State Police Crime Laboratory to prove the substances sold by defendant were marijuana. See LSA-R.S. 15:500. Defendant objected to admission of the reports, arguing he had not received notice as required by the statute. As we indicated in the original appeal, in order to avail itself of the provisions of LSA-R.S. 15:500, the State is required to establish the defendant received notice.
*956 On remand, the court heard testimony concerning the State’s notice of intention to introduce the certificate of analysis reports. Initially, defendant was represented by court-appointed counsel, Bernard Francis, Sr., of the Indigent Defender Board. At one of the hearings held on remand, Francis testified he did not remember receiving the State’s notice. However, he identified a green return receipt card which the district attorney’s office mailed to him on December 7, 1987, as having been signed as received by his wife. Although Francis’ wife did not work in his office, she occasionally picked up his mail. A secretary from the district attorney’s office established that the green return receipt card which was signed by Francis’ wife related to the State’s notice in this case. Francis indicated that, when he received notices from the State of its intent to introduce a certificate of analysis report, he would place the notice in the defendant’s file. When he withdrew from his representation in the indigent defender cases, he turned all of his files over to the office and did not remove any of the notices he had received from the State.
Francis also identified his signature on a document entitled “Notice” which notifies defendant of the State’s intent to introduce an “attached certificate” under the provisions of LSA-R.S. 15:501. Although the certificate of analysis report is not attached, the case name and district court number are from the instant case. Francis testified he would not have signed this document if he had not received the “attached certificate.”
John Gutierrez represented defendant from August 2, 1988, through his conviction at trial on August 11, 1989. Gutierrez could not specifically recall if he received the scientific analysis reports in this case. He acknowledged he was allowed to view the prosecutor’s file at least ten days before the trial, but he could not recall if he saw the scientific analysis reports or the State’s notice in the file he viewed. In response to a question by the prosecutor, Gutierrez also stated, “I think, in fact, to be real honest with you, we didn’t have the scientific analysis reports, and I don’t recall that as being part of the defense strategy.”
Carol Buyas, an employee with Acadian Mortgage and Loan, Incorporated, identified her signature on a green return receipt card. The card represented delivery to Gutierrez of an article from the district attorney’s office. The date of delivery shown is October 4,1988. The mortgage company is located in the same building as Gutierrez’s law office, and a connecting door between the two offices remains open at all times. Buyas admitted having signed certified mail for Gutierrez on several occasions as a courtesy to him. She indicated that when she signed certified mail for Gutierrez, she took the unopened envelope and placed it in plain view on his secretary’s desk. Although no district attorney employee specifically identified the card signed by Bu-yas as being related to the State’s notice sent pursuant to LSA-R.S. 15:501 in this case, notations at the top of the card have defendant’s last name, the appropriate case number, and “501.”[2] Additionally, when this issue initially was raised during the trial, a, secretary with the district attorney’s office testified that she had mailed notice, along with copies of the chemical analysis reports, to Gutierrez. Later she received the return receipt card.
After reviewing this testimony, we find the State sufficiently established both Gutierrez and Francis received the State’s notice of its intent to introduce the scientific analysis reports. Furthermore, defendant’s claim that the notice required by LSA-R.S. 15:501 must be served by the Sheriff’s Office has no merit. The applicable statute merely requires that “[t]he party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commenee *957 ment of the trial, give written notice of intent to offer proof by certificate.” LSA-R.S. 15:501(A) (emphasis added). In support of his argument, defendant cites LSA-R.S. 15:30. However, this statute regulates service of a “subpoena, summons, writ, notice, order or other process of a court, of a jury commission or of a coroner. ...” The statute has no application to the written notice the State was required to give under LSA-R.S. 15:501(A).
The assignments of error are without merit. Defendant’s convictions and sentences are affirmed.
AFFIRMED.

. We also amended the sentences to credit defendant with time served. See La.C.Cr.P. art. 880.

. Both at the trial and at the hearings held on remand, defendant made an issue of the fact that the address on the notice sent to Gutierrez was ‘‘209'Railroad Avenue” (the mortgage company's address) rather than "209-A Railroad Avenue” (Gutierrez’s address). However, Gutierrez testified that, even if something were addressed to him incorrectly at 209, he still would receive the mail.