778 So.2d 23 (2000)
STATE of Louisiana
v.
Louis M. JACKSON.
No. 00-KA-1014.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 2000.
*26 Martin E. Regan, Jr., New Orleans, LA, Attorney for Defendant/Appellant, Louis M. Jackson.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker Terry M. Boudreaux, Appellate Counselors.
Frank A. Brindisi, Vincent J. Paciera, Jr., Trial Counselors, Gretna, LA, Assistant District Attorneys for Plaintiff/Appellee, The State of Louisiana.
Panel composed of DUFRESNE, CHEHARDY and WALTER J. ROTHSCHILD, pro tempore.
CHEHARDY, Judge.

STATEMENT OF THE CASE
On November 12, 1997, the Jefferson Parish District Attorney filed a bill of information charging defendant, Louis M. Jackson, with one count of possession of *27 cocaine in an amount over four hundred grams, in violation of La. R.S. 40:967F. At his arraignment on January 21, 1998, defendant pled not guilty.
On December 22, 1997, defendant filed "omnibus motions and order for pre-trial motions" which included a motion to suppress confession and a motion to suppress evidence. On July 7, 1998, defendant's motion to suppress evidence and motion to suppress confession were heard by the trial court. The trial court denied both motions. At the conclusion of the hearing, the state amended the bill of information to include that defendant "be sentenced pursuant to La. R.S. 40:982, the defendant having previously been convicted of possession of cocaine in Orleans Parish, Case Number 349-169 in 1991." Defendant pled not guilty to the amended bill of information.
On September 14, 1999, a twelve-member jury was selected. On September 15, 1999, trial began. On September 16, 1999, trial was concluded and the jury found defendant guilty as charged.
On September 22, 1999, defendant field a motion for new trial. On October 29, 1999, the trial court heard defendant's motion for new trial and denied the motion. The trial court then sentenced defendant to imprisonment at hard labor for a term of sixty years without benefit of parole, probation, or suspension of sentence. This appeal ensued.

FACTS
At trial, the state presented the testimony of Louisiana State Trooper Robert Bennett. Trooper Bennett testified that on October 23, 1997, at approximately 10:30 p.m., he was on patrol in a marked unit on Airline Highway in Jefferson Parish. Trooper Bennett was stopped at a red traffic signal at the intersection of Airline Highway and Hickory Drive. While stopped at the light, Trooper Bennett noticed a car being driven by defendant in the next lane, but the car did not pull up next to his car. The car waited and then pulled up next to Trooper Bennett's vehicle. When the car pulled up beside him, Trooper Bennett made eye contact with defendant. Defendant then turned onto Hickory from the right center lane. Trooper Bennett followed defendant and pulled him over for improper lane usage.
When defendant pulled over, he quickly exited his car and walked back to Trooper Bennett's unit. Defendant provided Trooper Bennett with his driver's license and told him that the car was rented. Trooper Bennett asked for the rental agreement, and defendant went back to the car to get it. Trooper Bennett followed defendant to make sure that defendant did not retrieve a weapon. Defendant opened the passenger door and reached into the glove compartment. When defendant opened the door, Trooper Bennett noticed a zip-lock bag containing white powder on the floor of the car in the area between the seat and the door.
Upon closer inspection of the zip-lock bag, and based on his past experience in narcotics cases, Trooper Bennett believed that the bag contained cocaine. Trooper Bennett handcuffed defendant and advised defendant of his rights. Trooper Bennett then began to search the car for other contraband and called for another trooper to assist in the search. On the passenger side floorboard, Trooper Bennett noticed some rolled-up newspaper with a green rubberband wrapped around it. After unwrapping the rubberband, Trooper Bennett discovered that the newspaper was concealing another zip-lock bag containing white powder, which appeared to be cocaine.
Trooper John A. Knight arrived on the scene and was present when Trooper Bennett opened defendant's trunk. The troopers noticed an unzipped black duffle bag with a brown taped object partially sticking out. The object appeared to be a kilo of cocaine in watertight wrapping. The troopers also discovered another zip-lock bag of white powder in the duffle bag. This zip-lock bag was also wrapped in a *28 piece of newspaper and secured with a green rubberband.
The state also called Trooper Knight to testify at trial. Trooper Knight testified that on October 23, 1997, he was on patrol in the area and was called to assist Trooper Bennett with the traffic stop of defendant. When he arrived, Trooper Bennett informed him that he had found narcotics in defendant's car. At this point the troopers opened the trunk of the car and found the black bag in the trunk. The bag was partially open and a brown taped object, which appeared to be a kilo of cocaine, was visible. In the black bag, the troopers also discovered a bag of cocaine similar to the bag found in the passenger side of the car. The bag was rolled up in newspaper and secured with a green rubberband.
At trial, the state also called Darren K. Poche, who was qualified as an expert in drug analysis. He testified that he tested the white powder contained in three bags seized from defendant's vehicle, and each of the bags contained cocaine. Poche also weighed the contents of the three bags and determined that the bags contained a total of 1,216 grams of cocaine.

DISCUSSION
In defendant's first assignment of error, he argues that the trial court erred in denying his motion to suppress the evidence because the investigating officers conducted an unlawful search of the trunk of his vehicle.
Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. La.C.Cr.P. Art. 162. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. State v. Tatum, 466 So.2d 29 (La.1985). The state bears the burden of proving that one of these exceptions applies. Id. Whether evidence was seized in violation of the Fourth Amendment is a determination to be made by the trial judge, whose factual findings are entitled to great weight on appeal. State v. Ellis, 94-599 (La.App. 5 Cir.5/30/95), 657 So.2d 341, writs denied, 95-2095 (La.12/8/95), 664 So.2d 421, and 95-1639 (La.1/5/96), 666 So.2d 300.
In the present case, the state bases the initial seizure on the "plain view" exception to the warrant requirement. Under the "plain view" doctrine, if the police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Stamp 98-193 (La.App. 5 Cir.7/28/98), 718 So.2d 531.
Trooper Bennett testified at trial that defendant's action of immediately exiting his vehicle and proceeding back to the police unit before Trooper Bennett could exit his own vehicle made him suspicious that defendant did not want the trooper to see inside his car. Trooper Bennett also testified that he was trained, for his own safety, to follow a motorist back to their vehicle when they have to retrieve something, so that he can be prepared in the event the motorist attempts to retrieve a weapon. When defendant opened his car's door, Trooper Bennett testified that he noticed the zip-lock bag containing white powder in plain view, on the floor of the car between the seat and the door. Based on this testimony, we find that the state established that the zip-lock bag was seized pursuant to the "plain view" exception to the warrant requirement.
Once the initial zip-lock bag was seized, the troopers proceeded to search the rest of the vehicle under the "automobile exception" to the warrant requirement. The "automobile exception" is based upon the existence of probable cause to search and exigent circumstances. State v. Tatum, 466 So.2d at 31; State v. *29 Freeman, 97-1115 (La.App. 5 Cir.12/29/98), 727 So.2d 630, 635. Automobiles are accorded less protection against warrantless searches due to their inherent mobility and a citizen's lesser expectation of privacy. State v. Bailey, 97-493 (La. App. 5 Cir.11/12/97), 703 So.2d 1325, 1328. The current standard for warrantless searches of automobiles under the Fourth Amendment was expressed in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In that case, the United States Supreme Court held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed within may conduct a search of the vehicle that is as thorough as a magistrate could require in a warrant.
For constitutional purposes, there is no difference between seizing and holding a car before presenting the probable cause issue to a magistrate and carrying out an immediate search without a warrant. State v. Tatum, 466 So.2d at 31. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Id.
In the present case, based on Trooper Bennett's testimony, and considering the ready mobility of the car, the fact that what appeared to be cocaine was already known to be in the vehicle by the time the troopers opened the trunk, and defendant's reduced expectation of privacy, we find probable cause existed to search the entire vehicle. Accordingly, defendant's first assignment of error is without merit.
In defendant's second assignment of error, he argues that the evidence presented was not sufficient to support his conviction for possession of cocaine because the state failed to prove that defendant knew that the cocaine was in the bag.
In reviewing the sufficiency of the evidence, due process requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. A reviewing court is required to consider the whole record, and determine whether a rational trier of fact would have found guilt beyond a reasonable doubt. The actual trier of fact is presumed to have acted rationally until it appears otherwise. State v. Mussall, 523 So.2d 1305 (La.1988).
To support a conviction for possession of cocaine, the state must prove that the defendant was in possession of the cocaine and that he knowingly possessed it. State v. Ruffin, 96-226 (La.App. 5 Cir.8/28/96), 680 So.2d 85. The state, however, need only establish constructive possession of a controlled dangerous substance, rather than actual possession, to support a conviction. Id. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Id. Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Gentras, 98-1095 (La.App. 5 Cir.3/30/99), 733 So.2d 113, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464. Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. State v. Johnson, 404 So.2d 239 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).
In the present case, the state presented testimony that there was a zip-lock bag containing cocaine found in the passenger compartment of the car. Also found in the car was another bag of cocaine concealed in a rolled-up newspaper, *30 wrapped by a green rubberband. In the trunk, the troopers discovered an open duffle bag with a kilo of cocaine partially visible. In addition to the kilo, another zip-lock bag of cocaine was found in the duffle bag wrapped in newspaper and bound with a green rubberband. Further, defendant admitted at trial that he put the duffle bag in the trunk. Based on this testimony, it is clear that defendant had constructive possession of the cocaine in the passenger compartment and the cocaine in the duffle bag that he placed in the trunk.
While defendant testified at trial that he was not aware of the cocaine in the duffle bag which he claimed was zipped closed, and that no cocaine was present in the passenger compartment of the car, the jury elected to discredit his testimony in favor of the troopers who testified to the contrary at trial. It is not the function of the appellate court to evaluate the credibility of the witnesses and overturn the trial court on its factual determination of guilt. State v. Francis, 95-194 (La.App. 5 Cir.11/28/95), 665 So.2d 596. Such factual determinations are entitled to great weight and will not be disturbed on appeal unless clearly contrary to the evidence. Id.
Viewing the evidence in the light most favorable to the prosecution, we find that the state presented sufficient evidence at trial to support a finding that defendant knowingly possessed cocaine in excess of four hundred grams. Accordingly, defendant's second assignment of error is without merit.
In defendant's third assignment of error, he argues that the trial court erred in denying his motion for a trial continuance because one of his attorneys was unable to attend the trial because he was involved in another trial.
The granting of a continuance is discretionary on the part of the trial judge. La.C.Cr.P. art. 712; State v. Kelly, 96-903 (La.App. 5 Cir.11/12/97), 704 So.2d 800, writ denied, 97-3104 (La.4/9/98), 717 So.2d 1142. The denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. Id.
In the present case, defendant argues that defense counsel orally moved for a continuance prior to trial because of another trial that was proceeding. It is noted that this pre-trial motion for a continuance does not appear in the record. The only reference to such a motion is the following exchange that occurred outside of the presence of the jury and after the testimony of two of the state's witnesses:
MR. EHLE:
Your Honor, my client has asked me once again to urge you to allow Mr. Regan to come in and try this case. He hired Martin and he wants Martin, and I've got to ask for it again.
THE COURT:
Well, I will acknowledge for the record a call that my secretary received from Mr. Regan aboutI guess nine o'clock this morning saying he was in another division of another court and I accept that as being true. My position is the same.
Is it the State's position that it's ready to go forward?
THE STATE:
Yes, Your Honor.
THE COURT:
Denied. Note objection.
The Louisiana Supreme Court was faced with this issue in State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971), vacated in part on other grounds, 408 U.S. 939, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972). In Sinclair, the defendant was represented by two criminal defense attorneys, appointed by the court. On the morning of trial, one of them allegedly received a telegram that his mother-in-law had died in North Louisiana. Defense counsel thereupon filed a motion for continuance, based upon the ground that the one attorney was needed in North Louisiana to handle the funeral *31 arrangements. No evidence was offered on the motion for continuance.
The Louisiana Supreme Court noted that the motion for continuance was unsupported by evidence, and for that reason alone, it lacked merit. The trial judge assumed, however, that the allegations of the motion were correct. Apparently being of the opinion that the defense could be adequately handled by the remaining attorney, the trial judge denied the continuance but relieved the second attorney of his duties so that he could go to North Louisiana. The Louisiana Supreme Court noted that the granting of a continuance is within the sound discretion of the trial judge, and his ruling on a motion for a continuance will not be disturbed on appeal unless the ruling is clearly arbitrary and unreasonable. The Court further found that the record reflected no trial prejudice to the defendant as a result of being represented by one appointed counsel instead of two.
In the present case, the facts are similar. There is no evidence in the record of the reason for Mr. Regan's absence, although the trial court accepted that he was in another court as true. Upon review, we do not find that the trial court abused its discretion in failing to grant defendant's motion to continue the trial on the morning of trial. Further, as in Sinclair, it appears from the record that defendant was represented competently by Mr. Ehle, and defendant has not demonstrated on appeal how the trial court's denial of the continuance resulted in any prejudice to defendant. Accordingly, defendant's third assignment of error is without merit.
In defendant's fourth assignment of error, he argues that the trial court erred in admitting a photograph which showed a pager and a cellular phone that were found in defendant's car along with the cocaine seized. Defendant argues that the admission of the photograph improperly portrayed defendant as a drug dealer.
With some exceptions, all relevant evidence is admissible at trial. La. C.E. art. 402. Relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. The determination concerning relevancy of evidence is within the discretion of the trial judge whose rulings will not be disturbed in the absence of an abuse of discretion. State v. Winfrey, 97-427 (La.App. 5 Cir.10/28/97), 703 So.2d 63, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481.
In State v. Harris, 97-0300 (La.4/14/98), 711 So.2d 266, 269, the Louisiana Supreme Court stated:
Notwithstanding the erroneous admission of evidence, a verdict will not be reversed if the reviewing court, assuming that the damaging potential of the improperly admitted evidence is fully realized, determines that the error was harmless beyond a reasonable doubt. Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); State v. Wille, 559 So.2d 1321, 1332 (La. 1990). "Reversal is mandated only when there is a reasonable possibility that the evidence might have contributed to the verdict." State v. Wille, 559 So.2d at 1332 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Factors to be considered include the importance of the evidence to the State's case, the presence or absence of additional corroboration of the evidence, and the overall strength of the State's case. State v. Wille, 559 So.2d at 1332.
Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, are generally admissible, provided their probative value outweighs any prejudicial effect. State v. Glynn, 94-0332 (La.App. 1 Cir.4/7/95), 653 So.2d 1288, writ denied, 95-1153 (La.10/6/95), 661 So.2d 464.
*32 In the present case, Trooper Bennett testified that a cellular phone and a pager were discovered during his search of the car. Defendant did not object to this testimony. Trooper Knight testified that while these items were photographed, they were not felt to be relevant to the investigation, so they were returned to defendant. Based on the testimony concerning the pager and the cellular phone, the photograph which included those items merely corroborated the troopers' testimony that both items were found in the car, and that they were returned to defendant as not being relevant to the investigation.
Moreover, even if the admission of the photograph was erroneous, defendant has not shown that the photograph might have contributed to the verdict. In this matter, defendant was charged with, and convicted of, possession of cocaine. There was direct testimony at trial that defendant constructively possessed the seized cocaine. Therefore, the photograph of the cellular phone and pager had nothing to do with the verdict, and the trial court did not err in admitting it into evidence.
In his final assignment of error, defendant argues that the sentence imposed is unconstitutionally excessive.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. Amend. 8; La. Const. of 1974, Art. I, Sect. 20. A sentence is generally considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Richmond, 98-1015 (La.App. 5 Cir.3/10/99), 734 So.2d 33. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. However, the sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. Id. at 38.
The Louisiana Supreme Court, citing State v. Dorthey, 623 So.2d 1276, 1278 (La.1993), stated that "[i]t is a well established principle that it is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies." State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976, 978. This court has followed the principles articulated in State v. Rome, holding that mandatory minimum sentences, as prescribed by law, were not constitutionally excessive. State v. Ewens, 98-1096 (La.App. 5 Cir.3/30/99), 735 So.2d 89, writ denied, 99-1218 (La.10/8/99), 750 So.2d 179; State v. Richards, 97-1182 (La.App. 5 Cir.4/15/98), 713 So.2d 514, writ denied, 98-1452 (La.10/9/98), 726 So.2d 27.
In the present case, defendant was sentenced pursuant to La. R.S. 40:982 which provides in part that:
Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both.
Defendant was convicted under La. R.S. 40:967F which provides that:
Any person who knowingly or intentionally possesses four hundred grams or more of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than thirty years, nor more than sixty years and to pay a fine of not less than two hundred fifty thousand dollars, nor more than six hundred thousand dollars.
The trial court sentenced defendant to sixty years at hard labor, which is the minimum sentence under R.S. 40:982. It is also noted that the trial court did not impose a fine. While not raised by either side on appeal, La. R.S. 40:967F(1)(c) requires *33 a fine of not less that two hundred and fifty thousand dollars. Therefore, defendant's sentence is illegally lenient. However, because the state failed to file a motion to reconsider sentence in the trial court and has not raised the issue on appeal, the jurisprudence in effect at the time of the commission of the underlying offense and at the time of sentencing does not allow this Court to correct the error. See State v. Fraser, 484 So.2d 122 (La. 1986); State v. Harrell, 98-671 (La.App. 5 Cir.1/26/99), 727 So.2d 1231.
On appeal, defendant does not show how the imposition of this illegally lenient sentence is unconstitutional as to him. Pursuant to La. R.S. 40:967F and La. R.S. 40:982, sixty years at hard labor is the minimum sentence the trial court could have imposed. Therefore, defendant's fifth assignment of error is without merit.

ERROR PATENT DISCUSSION
Pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and two are noted. The commitment in the record states that defendant waived his rights to trial by jury, the right to confront his accusers, and his right against self-incrimination. The record clearly shows that defendant stood trial and was found guilty by the jury; he did not plead guilty. In State v. Lynch, 441 So.2d 732, 734 (La.1983), the Louisiana Supreme Court held that when "there is a discrepancy between the minutes and the transcript, the transcript must prevail." Therefore, we hereby order that the commitment be amended to conform to the transcript regarding defendant being found guilty by the jury after trial.
Finally, at the time of sentencing, the trial court failed to inform defendant of the prescriptive period for post-conviction relief as required by La.C.Cr.P. art. 930.8C. Accordingly, we remand this case and order that the trial court inform defendant of the statutory provisions for post-conviction pursuant to La.C.Cr.P. art. 930.8. The trial court is further directed to file written proof that defendant received the notice in the record of these proceedings.
AFFIRMED; REMANDED.