| .CANNELLA, Judge.
Defendant, T.J.,[1] appeals from his adjudication as a delinquent and his sentence to two years in the Department of Corrections. For the reasons which follow, we affirm.
On April 6, 2000, the Defendant was brought to school by his mother. Later that day, the assistant principal, Sheila Louper (Louper), received a report from Lieutenant Pierre, an officer assigned to the school, that a student had reported that he had been hit in the side by another student, D.P.,[2] with a heavy object that was wrapped in a pair of physical education shorts. The student had told Lieutenant Pierre that he saw D.P. place the object in a locker and that he believed he saw a gun in the shorts. Louper then checked the number of the locker and found that it was assigned to the Defendant. Louper went to the locker, opened it, and retrieved a school bag from the locker. She took the bag |3to the conference room. Then, according to school regulations, in the presence of Lieutenant Pierre and Bessie Jeffery, the school counselor, Louper opened the bag. She found a handgun in the bag wrapped in physical education shorts. Louper then summoned the Defendant to the conference room. She told the Defendant what she found in his locker. At that point, Louper stated that the Defendant admitted to her that it was his mother’s and that he brought it to school because someone had threatened him and he thought that he needed it to protect himself. The Defendant gave a written statement. In accord with the School Board Handbook, Louper then called the sheriffs office.
On April 7, 2000 an order was signed by the trial judge ordering the immediate detention of the Defendant and a Continued Custody Hearing was set for April 10, 2000. Thereafter, the District Attorney’s Office for St. John Parish filed a petition *779 to have the Defendant adjudicated delinquent, based on the violation of two statutes, La. R.S. 14:95.2, Carrying a Concealed Weapon on School Grounds, and La. R.S. 14:95.8, Possession of a Handgun by a Juvenile. Following a hearing on August 8, 2000, the trial court found that the State met its burden of proving that the Defendant committed the two offenses set out in the petition and adjudicated the Defendant a delinquent. On August 18, 2000, the Defendant filed a Motion for Post Judgment Verdict of Acquittal. A hearing on the motion was held on September 6, 2000 and the motion was denied. Then, the trial judge sentenced the Defendant to two years with the Department of Corrections. It is from his adjudication as a delinquent and sentence that the Defendant appeals.
On appeal, the Defendant assigns one error, composed of three parts.
pFirst, Defendant argues that the evidence was insufficient to support the trial court finding that he violated La. R.S. 14:95.2.
La. R.S. 14:95.2 provides in pertinent part:
A. Carrying a firearm, or dangerous weapon as defined in R.S. 14:2, by a student or nonstudent on school property, at a school sponsored function, or in a firearm-free zone is unlawful and shall be defined as possession of any firearm or dangerous weapon, on one’s person, at any time while on a school campus, on school transportation, or at any school sponsored function in a specific designated area including but not limited to athletic competitions, dances, parties, or any extracurricular activities, or within one thousand feet of any school campus.
B. For purposes of this Section, the following words have the following meanings:
(1) “School” means any elementary, secondary, high school, vocational-technical school, college, or university in this state.
[[Image here]]
E. Lack of knowledge that the prohibited act occurred on or within one thousand feet of school property shall not be a defense.
F. (1) School officials shall notify all students and parents of the impact of this legislation and shall post notices of the impact of this Section at each major point of entry to the school. These notices shall be maintained as permanent notices.
The Defendant argues that there was no evidence presented that he possessed the gun on school grounds. He bases his argument on no witness testifying that he or she saw the Defendant with a handgun at any time. Further, the Defendant testified at the hearing that he did not bring the gun to school and the Defendant’s mother testified that he did not have a handgun with him on the morning of the incident when she dropped him off at school. The Defendant also [5argues that the evidence was insufficient because the State did not prove that the notices required by subsection F of the statute were in place.
The State argues, to the contrary, that the evidence was sufficient to convict the Defendant. The State points out that Louper testified that the Defendant confessed verbally, and signed a written statement contained in the record, admitting that the gun belonged to his mother and that he brought it to school. The Defendant’s admission is sufficient evidence to support the conviction. Further, the State argues that the Defendant only changed his story some nine days later at his expulsion hearing. Finally, the State argues that under Subsection E of the statute, *780 proof of the notices is not required as an element of the crime.
The burden of proof required to find that a child has committed a delinquent act is no less strenuous than the proof required in criminal proceedings against an adult. State in the Interest of R.W.L., 95-892 (La.App. 5th Cir.2/14/96), 671 So.2d 10. The standard of review for sufficiency of evidence in a delinquency proceeding, as in a criminal proceeding against an adult, is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. D.J., 29,474 (La.App. 2nd Cir.4/2/97), 691 So.2d 839.
In State v. Culverson, 26,874 (La.App. 2nd Cir.4/5/95), 653 So.2d 1261, the court found that the elements of the offense of carrying a firearm on school property were possession of a firearm on the person while on a school campus. Proof of the notices was not required.
|fiIn this case, the Defendant admitted on one occasion that the handgun belonged to his mother and that he brought it to school for protection because of an earlier threat. The Defendant also put his admission in writing. It was only nine days later at his expulsion hearing that he changed his story. At that time, he stated that he believed that the other boy must have stolen the handgun from the Defendant’s home and brought it to school. The Defendant stated that he only gave the earlier statement because he was afraid of this boy. The trial court, who observed all the witnesses, made an express credibility determination against the Defendant. The trial judge noted that she found it peculiar that the Defendant’s initial reaction would not have been that he had no idea how the gun got to school if, in fact, he did not know. Based on the foregoing, we find that the evidence was sufficient to support the finding that the Defendant committed the offense.
Further, we find no merit in the Defendant’s argument that proof of a posted notice is an element of the offense. The requirement that notice be posted is supplicatory language and does not bestow an enforceable right upon an individual defendant. Subsection A of the statute defines the offense. Subsection D provides the penalty for commission of the offense and Subsection E provides that lack of knowledge shall not be a defense. Further, Subsection C provides a limited number of exceptions for when the provisions of Subsection A will not apply and expressly does not include instances where notices were not posted. Finally, while Subsection F does require the posting of notices, it does not provide a remedy for an individual where notices are not posted. We decline to read the notice requirement into the definition of the offense or provide a remedy for the failure to post notices in the absence of a clear expression of legislative intent in 17that regard. Thus, we find that the Defendant’s argument, that proof of the posted notices is a necessary element of the offense, lacks merit.
Next, the Defendant argues that the evidence was not sufficient to support a finding that he violated La. R.S. 14:95.8, illegal possession of a handgun by a juvenile. Again the Defendant argues that there were no witnesses testifying that he was seen in possession of a handgun. Further the Defendant argues that the State did not prove his age.
As already addressed above, the Defendant’s admission is sufficient proof of the commission of the offense. Additionally, when the Defendant testified, he stated his age.
*781 Therefore, based on the record before us we find that the evidence was sufficient to support the trial court’s finding that the Defendant committed the two charged delinquent acts and, thus, his adjudication as a delinquent.
Accordingly, for the reasons set out above, we affirm the trial court adjudication of the Defendant as a delinquent and his two year sentence in the custody of the Department of Corrections.
AFFIRMED.

. Because Defendant is a juvenile, his initials are used instead of his name.

. Because this person is a juvenile, his initials were used instead of his name.