I ¡JAMES L. CANNELLA, Judge.
The juvenile Defendant, T.J., appeals his conviction of possession of marijuana, a violation of La. R.S. 40:966C. We conditionally affirm the conviction, vacate the sentence and remand.
The Defendant was adjudicated a delinquent on August 8, 2000 for possession of marijuana. He filed a motion for post verdict judgment of acquittal on August 18, 2000. The motion was set for hearing on September 6, 2000, but was continued to November 7, 2000 due to the absence of the Defendant’s mother. However, a hearing was never held and judgment never rendered on the motion.
On February 6, 2001, a disposition hearing was held. The trial judge sentenced *971 the Defendant to six months in the Department of Corrections, suspended. The trial judge then placed the juvenile on one year active probation and ordered him to comply with special conditions of probation, including random drug testing and drug counseling.
laThe arrest of the Defendant on November 2, 1999 followed a stop and search of an automobile in which he was a front seat passenger.[1] Three others were in the car, which had been proceeding along U.S. Highway 61 in St. John Parish. Detective Terrill St. Martin stopped the vehicle for a traffic violation. When the driver was unable to produce a driver’s license, the occupants were ordered to exit the car. As Detective St. Martin opened the car door for the Defendant to exit, he saw a “dime bag” containing a green vegetable matter on the seat to the right of the Defendant or the door side.[2] Detective St. Martin performed a field test on the substance and he determined the bag contained marijuana. Eighteen bags were found in another passenger’s shoe and a police dog discovered another bag under the seat which the Defendant had occupied. The contents of the bags were sent to the crime laboratory for analysis and a report confirmed that the substance was marijuana.
On appeal, the Defendant asserts that the trial judge erred in finding that he committed the crime and in allowing the crime analysis report to be admitted into evidence.
The Defendant first argues that the State failed to prove that he actually or constructively possessed the marijuana, an essential element of the crime.
The burden of proof in a delinquency case is no less stringent than the proof required in criminal proceedings against an adult. State ex. rel. T.J., 00-1723, p. 6 (La.App. 5th Cir.4/11/01), 786 So.2d 777, 780. The standard of review is whether, viewing[1] the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id.; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).
La. R.S. 40:966C provides:
RC. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part....
In order to convict the Defendant of possession, the State must prove that the Defendant was in possession of the drug and that he knowingly possessed it. The State need only prove constructive possession of a controlled dangerous substance, rather than actual possession. State v. Jackson, 00-1014 (La.App. 5th Cir.12/13/00), 778 So.2d 23, 29; State v. Ruffin, 96-226 (La.App. 5th Cir.8/28/96), 680 So.2d 85, 87.
A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Jackson, 778 So.2d at 29. Guilty knowledge is an essential element of the crime of possession, which can be inferred from the circumstances. Id. A prima facie case can be *972 established by the Defendant’s proximity to the drug, or association with the possessor, when colored by other evidence. Jackson, 778 So.2d at 29; State v. Johnson, 404 So.2d 239 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).
In State v. Williams, 98-1006 (La.App. 5th Cir.3/30/99), 735 So.2d 62, 69, we stated:
Several factors may be considered in determining whether the Defendant exercised dominion and control sufficient to constitute constructive possession. They are (1) the Defendant’s knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the Defendant’s access to the area where the drugs were found; (4) evidence of recent drug use by the Defendant; (5) the existence of paraphernalia and (6) evidence that the area was frequented by drug users. [Citation omitted]
In this case, Detective St. Martiji testified that he found a dime bag of marijuana on the front seat of the car, next to where Defendant had been sitting, on Defendant’s right side (the door side of the passenger seat.) Under these facts, we find that the State proved the element of constructive possession of the drugs.
| Next, the Defendant argues that the trial judge erred in admitting the crime laboratory report into evidence because he was not served with the State’s notice of intent to use the evidence. He claims that he was prejudiced by the lack of service because he was unable to subpoena the technician to testify regarding the analysis. Without the report, he contends that the State failed to prove the existence of the marijuana.
La. R.S. 15:499 provides:
A. All criminalistics laboratories established by laws of this state or by laws of the United States, and all ... are authorized to make proof of examination and analysis of physical evidence by the certificate of the person in charge of the facility in which such examination and analysis is made....
La. R.S. 15:500 provides that the certificate is admissible into evidence in all criminal cases, including juvenile cases, and is prima facie proof of the facts shown therein and of custody of the evidence from the time of delivery until the time it is removed. The notice requirements are contained in R.S 15:501 as follows:
A. The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate.
B. (1) The party against whom such certificate is offered shall be permitted to subpoena on cross-examination, the person who performed the examination or analysis of the evidence....
In this case, the State filed the notice into the record, with the laboratory report attached. The notice contains the signature of the Assistant District Attorney, dated May 11, 2000. It also contains a note of certification that a copy was served on “all counsel of record on the 11th day of May 2000.” Counsel for the State asserted that she had given the Defendant’s counsel a copy of the notice and report on the date on which the documents were filed into the record. The trial judge ’determined that service of the notice is not required by the statute, relying on State v. Michel, 615 So.2d 954 (La.App. 1st Cir.1993), writ denied, 620 So.2d 839 (La.1993). She found further that the notice contains |fithe State’s assertion that the *973 Defendant received the notice. As a result, the trial judge found that the State had complied with the requirements of the statute. After reviewing the record in this case, we find no error in the ruling of the trial judge.
ERROR PATENT
In State in the Interest of C.D., 95-160 (La.App. 5th Cir.6/28/95), 658 So.2d 39, 41, this Court concluded that a juvenile criminal proceeding is entitled to an error patent review on appeal. We have reviewed the record for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198, 206 and find one error.
The trial judge failed to act on the Defendant’s motion for post verdict judgment of acquittal. Although the Louisiana Children’s Code is silent as to these motions, they have been recognized in juvenile proceedings. See: State in the Interest of W.T.B., 34,269 (La.App. 2nd Cir.10/20/00), 771 So.2d 807, 810.
When the Children’s Code is silent, the Code of Criminal Procedure controls. La. Ch.C. art. 104; La.C.Cr.P. art. 15. La. C.Cr.P. art. 821 provides that “[a] motion for a post verdict judgment of acquittal must be made and disposed of before sentence.” La.C.Cr.P. art. 853 also provides that “[a] motion for a new trial must be filed and disposed of before sentence.” In State v. Stec, 99-633 (La.App. 5th Cir.11/30/99), 749 So.2d 784, 790, we noted that “It has been held that sentencing, prior to a ruling on these motions, must be set aside and the case remanded for a ruling on the motions and then re-sentencing. State v. Randolph, 409 So.2d 554 (La.1981); State v. Wilson, 96-251 (La.App. 5th Cir.10/1/96), 683 So.2d 775; State v. Pineyro, 93-765 (La.App. 5th Cir.1/25/94), 631 So.2d 1203.” Thus, we affirm the conviction conditioned on a denial of the motion for post verdict judgment of acquittal, vacate the sentence and remand for a hearing on the motion and re-sentencing.
17Accordingly, the Defendant’s conviction is hereby conditionally affirmed. His sentence is vacated and the case is remanded for a hearing on the motion for post verdict judgment of acquittal and for re-sentencing if the motion is denied.
CONVICTION CONDITIONALLY AFFIRMED; SENTENCE VACATED; CASE REMANDED.

. Defendant was 16 years old at the time.

. A dime bag describes a small quantity of drugs in street language.