JOHNSON, J.,
dissents with reasons.
IH, respectfully, dissent from the majority opinion on whether C.M.’s conviction should be upheld for the following reasons.
C.M. was adjudicated of the violation of La. R.S. 14:95.8, illegal possession of a handgun by a juvenile. Prior to the start of the trial, C.M. and the other participants in the trial identified themselves for the record, in which C.M. stated his name and birthdate. No one was sworn in by the deputy clerk of court at that time. Deputy Andrew Mulino, the arresting officer, and C.M.’s mother were the only people to testify at the trial. Both witnesses testified as to the events that occurred on the day in question; however, neither of the witnesses testified as to C.M.’s age. After the testimony of C.M.’s mother, the State rested its case. The State only introduced a handgun as evidence, which was admitted by the juvenile court judge. Trial counsel for C.M. did not call any witnesses or introduce any evidence. At the conclusion of the closing arguments, the juvenile court judge found that the State had borne its burden of proof.
La. R.S. 14:95.8(A) provides, “It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person. Any person possessing any handgun in violation of this Section commits the offense of illegal possession of a handgun by a juvenile.” The burden of proof required to find that a child has committed a delinquent act is no 12less strenuous than the proof required in a criminal proceeding against an adult. State ex. rel T.J., 00-1723 (La.App. 5 Cir. 4/11/01); 786 So.2d 777, 780, citing State in the Interest of R.W.L., 95-892 (La.App. 5 Cir. 2/14/96); 671 So.2d 10. The standard of review for sufficiency of evidence in a delinquency proceeding, as in a criminal proceeding against an adult, is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (Emphasis added). *1136 Id., citing State v. D.J., 29,474 (La.App. 2 Cir. 4/2/97); 691 So.2d 839.
The State’s burden of proof stems from the application of the Fourteenth Amendment’s Due Process clause which requires the application of the “essentials of due process and fair treatment” during the adjudication hearing. In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A child who is the subject of a delinquency adjudication proceeding enjoys Due Process safeguards. See, In re Gault, 387 U.S. 1, 30-31, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
In the case at bar, the State failed to introduce any evidence at the trial that C.M. had not attained the age of 17 years of age on the date of the incident. Although the majority opinion cites State in the Interest of Metoyer, 606 So.2d 74 (La.App. 3rd Cir.1992) and State v. D.L., 29,-789 (La.App. 2 Cir. 6/18/97); 697 So.2d 706 for the stance that the juvenile court could consider the petition for adjudication to ascertain a juvenile’s age, those cases are distinguishable from the one before this Court. The issue in those cases was whether the juvenile court had jurisdiction of those juveniles to hear the cases. C.M. did not dispute the jurisdiction of the juvenile court at the lower level or as an Dassignment of error.[17] Also, those other courts were not called to determine whether the use of the petition for adjudication could be used in finding that the State had met its burden of proving every element of a crime for adjudication. As such, those cases are not comparable to this matter. Additionally, in order for the juvenile court to consider C.M.’s appearance as a judicial admission, the State would have to have proven that C.M.’s admission was knowing and voluntary, which was not done in this matter. See, La. Ch. C. art. 881.1. Otherwise, C.M.’s statement regarding his date of birth for the purpose of an appearance is inadmissible. Id. (See also, Gault, 387 U.S. at 57, 87 S.Ct. 1428, where the Supreme Court held that, “absent a valid confession, a determination of delinquency ... cannot be sustained in the absence of sworn testimony ... in accordance with our law and constitutional requirements.”)
Furthermore, the cases[18] cited by the majority opinion regarding judicial notice are distinguishable from C.M.’s case. In those cases, there was evidence in the record that the trial judge took judicial notice of some adjudicative fact. While it is correct that a court may take judicial notice of adjudicative or legislative facts, the record in this matter is completely devoid of any indication that the juvenile *1137 court judge took judicial notice of C.M.’s age at the time of commission of the offense. The majority opinion makes an assumption about a consideration of the juvenile court that is not supported by the record. Because of its reliance on this unsupported assumption, the majority opinion is depriving |4C.M. of his due process safeguards afforded to him by the 14th Amendment. I believe that upholding an adjudication on the basis that the juvenile court judge may have taken judicial notice of an essential element of a crime is not the precedent intended by the U.S. and Louisiana Constitutional Amendments, Louisiana statutes or jurisprudence. I am of the opinion that the State must be held by the courts to bear its burden of proving every element of a crime beyond a reasonable doubt.
For the foregoing reasons, I would reverse C.M.’s adjudication for the violation of La. R.S. 14:95.8.

. Even if C.M. had raised jurisdiction as an issue, the State would still have to prove that C.M. was under the age of 17 years on the date of the incident in question. La. Ch.C. art. 303 gives juvenile courts exclusive jurisdiction over children and minors except where the child: 1) is subject to the jurisdiction of the criminal courts under the provisions of La. Ch.C. art. 305 et seq., or 2) has been transferred by the juvenile court for criminal prosecution as an adult under La. Ch.C. art. 857, et seq. State v. Jacobs, 04-1219 (La.App. 5 Cir. 5/31/05); 904 So.2d 82, 91, writ denied, 05-2072 (La.4/28/06); 927 So.2d 282. La. Ch.C. art. 116 defines "child” as “a person who has not attained the age of eighteen years, except as it is specially defined by a Title of this Code.” (Emphasis added). Thus, the juvenile court’s jurisdiction over C.M. does not automatically supply the adjudicative fact that C.M. was under the age of 17 years old on the date of the offense. C.M. could have been 17 years old, subject to the jurisdiction of the juvenile court because he had not made 18 years old, and not guilty of La. R.S. 14:95.8 because of the statute’s age requirement.

. State v. Farhood, 02-490 (La.App. 5 Cir. 3/25/03); 844 So.2d, 217, State v. Valentine, 397 So.2d 1299 (La.1981), and State v. Batiste, 96-0526 (La.App. 3 Cir. 12/11/96); 687 So.2d 499.