573 So.2d 244 (1990)
STATE of Louisiana
v.
Jeffery ANKRUM, Jimmy Ankrum and Gregory Polk.
No. KA 90 0357.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
*245 William R. Campbell, Jr., New Orleans, for State of La.
John J. Williams, Jr., Asst. Dist. Atty., James H. Looney, Office of Indigent Defender, Covington, for appellants.
Before COVINGTON, C.J., LANIER, J., and VIAL LEMMON[*], J. Pro Tem.
VIAL LEMMON, Judge Pro Tempore.
Defendants, Jeffery Ankrum, Jimmy Ankrum, and Gregory Polk, were jointly charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(C). After pleading not guilty, they filed a motion to suppress the cocaine, which was denied by the trial court after an evidentiary hearing. Defendants were found guilty as charged in a jury trial and subsequently filed a motion for post verdict judgment of acquittal, arguing the evidence was insufficient to convict. The trial court denied the motion. Defendants have appealed, urging that (1) the court erred in denying the motion to suppress and (2) that the evidence was insufficient to convict.
On April 12, 1989, at about 11:00 p.m. a confidential informant called Detective Joe Freeman, a narcotics officer at the St. Tammany Parish Sheriff's Office, to report that the defendants were in possession of cocaine in a blue Mercury or Ford car in the "Quarters" area of Covington. This confidential informant had in the past provided information which resulted in some arrests and convictions. Detective Freeman immediately transmitted this information to Agent Kenneth Savignol, who, along with Detectives Crockett, Lapouble, and Oswald, was patrolling in an unmarked unit in the "Quarters" area.
While on Polk Street, Agent Savignol saw defendants' vehicle as it approached the intersection of 30th Avenue from the opposite direction and followed it. As the police followed within a car's length, the rear passenger (Jeffery Ankrum) looked back and apparently recognized the police car, which was well known in the area. Defendants accelerated, turned, and ran a stop sign. Agent Savignol then turned on his red lights and siren in an attempt to stop them. A chase ensued, wherein defendants made two more turns, ignored stop signs, and drove at sixty to eighty miles per hour in a residential neighborhood for approximately fifteen city blocks. Finally, defendants were forced off the road a few houses from where the driver (Jimmy Ankrum) lived.
The defendants were ordered out of the car, but were not cooperative. Jimmy Ankrum refused to open his door. When Detective Oswald attempted to get him out, he punched Oswald in the eye, causing an injury which required medical treatment. Jimmy Ankrum sustained a cut lip in the struggle which required several sutures. Jeffery Ankrum grabbed the barrel of the shotgun Agent Savignol had pointed at him, and in the struggle Ankrum sustained a cut on his ear lobe. Gregory Polk, who was riding in the front passenger seat, ran when Detective Lapouble attempted to apprehend him. He was subdued several yards from the car after a struggle, during which Polk struck Lapouble in the chest. Within five minutes after initially sighting defendants' vehicle, the police had them in custody and transported them to the Covington police station.
Because a hostile crowd of ten to fifteen people, including some of the Ankrums' relatives, had gathered at the scene, Savignol determined it was unwise to search the vehicle there and ordered it to be driven to *246 the police station, where Detective Freeman immediately conducted a search. He found papers, stereo boxes, and other debris all over the seats and floorboard. He found a small clear plastic bag containing marijuana on the front passenger seat and a small clear bag of rock cocaine on the back right floorboard under debris.
Each defendant was arrested for possession of cocaine, possession of marijuana, battery on a police officer, and resisting arrest. Additionally, various traffic tickets were issued to Jimmy Ankrum.
On appeal after their conviction for possession of cocaine, defendants claim the trial court erred in denying the motion to suppress the cocaine. They argue the cocaine was seized pursuant to an invalid inventory search without a warrant and should have been suppressed.
Although the testimony of the police officers indicates they treated the search as an inventory search, we do not view it as such. We focus our evaluation of the validity of the search on whether probable cause existed for the search of the defendants' vehicle which, coupled with exigent circumstances, would dispense with the warrant requirement.
The state bears the burden of proving the admissibility of evidence seized during a search without a warrant. La.C. Cr.P. art. 703(D). A search conducted without a warrant is per se unreasonable under the Fourth Amendment, subject only to the specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The automobile exception allows a warrantless search of a vehicle if the police have probable cause to believe the vehicle contains contraband. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925);
In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the police, acting on a radio report of four armed robbers traveling in a certain area in a light blue compact station wagon, stopped such a vehicle in the area, arrested the four occupants (including the accused who was wearing a green sweater as described in the report), and took the station wagon to the police station. Without obtaining a warrant, the police conducted a search of the vehicle at the station and found evidence connecting the vehicle to the robbery.
The Court first reasoned that there was probable cause for the police to make an arrest, but that the justification for a warrantless search of the accused's vehicle carried out in connection with an arrest no longer obtained when the accused was in custody at the station. Justice White, writing for a near unaminous court, cited Carroll v. United States, supra, for the proposition that the validity of a search under such circumstances does not depend upon the right to arrest, but upon the reasonable belief of the seizing officer that the vehicle may contain contraband or evidence of a crime. Asking the rhetorical question whether a seizure of the vehicle was a greater or a lesser intrusion than the search, the Court answered:
Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the "lesser" intrusion is permissible until the magistrate authorizes the "greater." But which is the "greater" and which the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.
Chambers concluded that when police officers have probable cause to believe there is contraband inside an automobile that has been stopped on the road, the officers may conduct a warrantless search of the vehicle, either at the scene or after it has been impounded and is in police custody. *247 (See also State v. Redfearn, 441 So.2d 200 (La.1983), where the Louisiana Supreme Court allowed a warrantless search of an impounded automobile where the arresting officer made the decision not to search the car at the scene because the location was dangerous.)
This case questions the constitutionality of a warrantless automobile search conducted at police headquarters after the owner and passengers had been taken into police custody. As in Chambers, there was probable cause for an arrest, and the justification for a warrantless search of the vehicle to be carried out in connection with the arrest no longer obtained when the defendants were in custody at the station. However, also as in Chambers, the validity of the search did not depend upon the right to arrest, but upon the reasonable belief of the seizing officer that the vehicle may have contained contraband. Even though the police officers conceded that any drugs in defendants' possession may have been discarded during the chase, the totality of circumstances justified a man of average caution to believe the drugs may still have been in the car.
Freeman had received a report from a reliable confidential informant that the three defendants had possession of crack and powdered cocaine in a vehicle accurately described by the informant. As soon as defendants observed the police car, which, although unmarked, was known in the area as a police car, they fled committing numerous traffic violations in the course of the flight. When police stopped defendants, a substantial struggle ensued, and a hostile crowd gathered at the scene. The police seized defendants' car based on probable cause to believe it contained narcotics, and on exigent circumstances of mobility of the car and the hostility of the crowd in the area. The seizure of the car was the event which produced the intrusion into defendants' privacy. Because the seizure was justified, the warrantless search was also justified, whether carried out at the scene or shortly thereafter at the station. Chambers, supra.
Testimony for the defense suggests that the police planted the drugs and gave false testimony at trial on the circumstances of the arrest. The trial judge is vested with the authority to make such credibility determinations. Absent a showing that he abused his discretion, his bench call will not be disturbed on appeal.
Defendants additionally argue the evidence was insufficient to convict under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The test for sufficiency of evidence is whether there is sufficient credible evidence upon which a rational finder of fact, viewing the evidence in the light most favorable to the prosecution, could find each element of the crime was proved beyond a reasonable doubt. La.C.Cr.P. art. 821.
In establishing possession of drugs, the state need not prove that a particular defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983). A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971).
In this case, the cocaine was found on the right rear floorboard under debris. It was not cleverly concealed or in any way out of reach of each defendant. The question on appeal is whether under Jackson, supra, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that each defendant had dominion and control over the cocaine and that they knowingly possessed it. The record supports the finding by the jury that each of the three defendants was guilty of constructive possession of cocaine under the standards of Jackson.
The convictions are affirmed.
AFFIRMED.
LANIER, J., concurs in result.
NOTES
[*] Judge Mary Ann Vial Lemmon is serving as judge pro tempore by special appointment of the Louisiana Supreme Court to fill the vacancy created by the death of Judge Steve A. Alford, Jr.