680 So.2d 85 (1996)
STATE of Louisiana
v.
Anthony RUFFIN.
No. 96-KA-226.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 1996.
Jack Capella, District Attorney, Louise Korns, Assistant District Attorney, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whitaker, Indigent Defender Board, Gretna, LA, for Defendant/Appellant.
Before CANNELLA, and DALEY, JJ., and RICHARD J. GARVEY, J. Pro Tem.
DALEY, Judge.
Defendant, Anthony Ruffin, was charged with possession of cocaine, a violation of LSA-R.S. 40:967 C. Following trial, the jury returned a responsive verdict of attempted possession of cocaine and defendant was sentenced as a multiple offender to three and one half years at hard labor with credit for time served. The judge further recommended that the defendant be enrolled in the Blue Walter Drug Treatment Program while incarcerated.
Defendant appeals, contending the evidence was insufficient to convict and asks that we reverse his conviction. He also requests an error patent review.

FACTS
Officer Raymond Lasseigne of the Gretna Police Department testified that on March 6, 1995, at approximately 11:20 p.m., he and his partner, Officer Fernando Guiterrez, were patrolling the area of Twenty-First Street when they observed a vehicle with a burned-out taillight. The officers followed the vehicle it turned northbound on Lafayette Street and activated the overhead lights and siren. The vehicle continued for about three blocks before finally stopping. Officer Lasseigne testified that while he was behind the vehicle, he observed the passenger appear to be shoving something down the rear of his pants. He then observed the passenger lean across the front seat to the driver's side of the vehicle and throw something out of the window. When the vehicle stopped, Officer Lasseigne instructed the driver, who was *86 very nervous, to exit the vehicle. Officer Guiterrez instructed the passenger to get out of the vehicle. As Guiterrez watched the two subjects, Lasseigne proceeded to the vehicle to check for weapons. Lasseigne approached the open passenger side door of the vehicle and used his flashlight to look inside. At that time, he observed a small white rocklike substance lying behind the passenger seat on the rear floorboard. The officer performed a field test on the white substance. When the results proved positive for the presence of cocaine, both subjects were placed under arrest. At trial, Officer Lasseigne identified Anthony Ruffin as the driver of the vehicle and Joseph Dee[1] as the passenger.
Officer Guiterrez, a reserve officer with the Gretna Police Department, also testified at trial regarding the events leading to defendant's arrest. His testimony was consistent with that of Officer Lasseigne. According to Officer Guiterrez, when they were behind the vehicle, he observed the passenger bend over toward the driver's side, move his right hand, and then reach across the driver's side toward the window.
Daniel Waguespack of the Jefferson Parish Sheriff's Office Crime Laboratory, testified as an expert in the field of forensic chemistry and identification of controlled dangerous substances, including cocaine. He testified that the sample of the evidence confiscated from the defendant tested positive for cocaine.
The defendant called his girlfriend, Tannell Davis, as a witness. Ms. Davis testified that on the evening that Ruffin was arrested, he called her at approximately 11:00 and told her that he was on the way to her house; however, he never arrived.
Co-defendant Joseph Dee then testified in his own behalf. According to Dee, on the night of the incident, he had seen Ruffin and had asked him for a ride. While a passenger in Ruffin's car, Dee observed that the police activated their lights at which point he tapped Ruffin on the shoulder and told him to pull over, which he did. Dee denied having any drugs on him at the time and also denied shoving anything down his pants. Dee testified that the piece of rock cocaine found in the vehicle did not belong to him, that he did not know where it came from, and that he did not know that it was in the vehicle.
In support of his argument on appeal, defendant asserts that the only contraband found was on the floorboard next to and behind Dee's seat. He further asserts that no evidence was presented to even suggest that defendant possessed the cocaine or knew of its existence.

LAW AND ARGUMENT
In State v. Burrow, 565 So.2d 972 (La.App. 5 Cir.1990), writ denied, 572 So.2d 60 (La. 1991), this court set forth the standard for testing the sufficiency of the evidence as follows:
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Davis, 540 So.2d 600 (5th Cir.1989). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. DiLosa, 529 So.2d 14 (5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Porretto, *87 468 So.2d 1142 (La.1985), dissenting opinion, 475 So.2d 314 (La.1985).
State v. Burrow, supra at p. 976.
In the present case, defendant was charged with possession of cocaine, in violation of LSA-R.S. 40:967 C. However, the jury found him guilty of the legislatively responsive verdict of guilty of attempted possession of cocaine. LSA-C.Cr.P. art. 814 A 50.
In State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991), the court set forth the elements of this offense as follows:
To support a conviction for possession of cocaine in violation of La.R.S. 40:967, the State must prove that the defendant was in possession of the cocaine and that he knowingly possessed it. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). To prove an attempt to possess, the State must prove that the defendant committed an act tending directly toward the accomplishment of his intent, i.e. possession of the drug. Id. Moreover, the State need only establish constructive possession, rather than actual or attempted actual possession of the cocaine, to support an attempted possession conviction. State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir. 1990); State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), writ denied, 500 So.2d 419 (La.1987).
State v. Collins, supra at p. 360.
One does not need to be in actual possession of a controlled dangerous substance to support a conviction; constructive possession is sufficient to convict. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Trahan, 425 So.2d 1222 (La.1983); State v. Ankrum, 573 So.2d 244 (La.App. 1 Cir.1990). A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). State v. Ankrum, supra.
In this case, defendant was the driver of the vehicle where the drugs were found. After the officers activated the overhead lights and siren, the vehicle continued for about three blocks before finally stopping. During this three block period, the passenger appeared to throw something out of the driver's window. Thereafter, defendant stopped the vehicle and exited the car. He appeared to be very nervous to the officers. His codefendant also exited the vehicle and left the passenger side door open. The cocaine was found on the rear floorboard.
In State v. Ankrum, supra, cocaine was found under debris on the right rear floorboard of the car in which the three defendants were riding. The court affirmed the conviction of constructive possession of all three defendants. In State v. Morgan, 557 So.2d 977 (La.App. 4th Cir.1990), defendant's conviction of possession of cocaine and possession with intent to distribute marijuana based on his constructive possession of the drugs was affirmed where defendant was the driver of a car where narcotics were found in the trunk.
Similarly, considering the Jackson standard, we find no error in the jury's returning the responsive verdict of attempted possession of cocaine. This assignment has no merit.
An error patent review was conducted in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La. 1975) and reveals that the trial judge failed to advise Ruffin of some of the provisions of LSA-C.Cr.P. art. 894.1 D, which became effective August 15, 1995. That article reads as follows:
D. Immediately following the imposition of a felony sentence pursuant to this Article, the sentencing court shall advise the offender in open court of each of the following:
(1) Whether, pursuant to the provisions of R.S. 15:571.3, the offender's sentence is subject to diminution for good behavior.
(2) Whether the sentence imposed was enhanced pursuant to R.S. 15:529.1 et seq., Article 893.3, or any other relevant provision of law.
(3) The prospective release date of the offender should his sentence be subject to diminution of sentence for good behavior, to the extent that the court shall advise the offender that he may be released upon *88 serving the certain percentage of his sentence as provided for by law.
(4) Whether, pursuant to the provisions of R.S. 15:574.4(A)(1) and (3) and (B), the offender is subject to parole eligibility.
(5) The prospective parole eligibility date of the offender should be eligible for parole pursuant to R.S. 15:574.4 et seq., to the extent that the court shall advise the offender that he may be eligible for release upon serving the certain percentage of his sentence as provided by law.
In the present case, the trial judge informed defendant that his sentence was being enhanced pursuant to the provisions of LSA-R.S. 15:529.1; however, he did not advise defendant of the remaining provisions of the above article. Paragraph F of that article specifically provides that no sentence shall be declared unlawful or inadequate for failure to comply with the provisions of Paragraph D. Therefore, the appropriate remedy would be to instruct the trial court to inform the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings.
Accordingly, the trial court shall inform defendant of the provisions of Article 930.8 and art. 894.1 D by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289; State v. Woolridge, 95-971 (La. App. 5 Cir. 2/27/96), 670 So.2d 1332.
For the foregoing reasons, the defendant's conviction is affirmed. This case is remanded to the trial court for further action consistent with this opinion.
AFFIRMED; REMANDED.
NOTES
[1] Joseph Dee was tried and convicted with Ruffin. This appeal only concerns Ruffin.