806 So.2d 718 (2001)
STATE of Louisiana
v.
Daniel KEMPTON.
No. 01-KA-572.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2001.
*720 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Rebecca J. Becker, Bradley R. Burget, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Frank Sloan, Louisiana Appellate Project, Covington, LA, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Daniel Kempton, appeals from his conviction for possession of a controlled dangerous substance, to wit: cocaine, (a violation of LSA-R.S. 40:967C) and his sentence as a second offender to imprisonment at hard labor for two and one-half years without benefit of probation or suspension of sentence. We affirm the defendant's conviction and sentence.

FACTS
On September 8, 1999, Agent Frank Horn, Jr., a narcotics detective with the Jefferson Parish Sheriff's Office, was on his way to an off-duty detail in his police uniform. As he drove past an area known for drug activity, he observed a Trans Am vehicle pull up in front of a residence on Tensas Drive and a white male exit the vehicle and meet with a black male who was standing in front of the residence. Horn testified that the white male and the black male spoke briefly and then conducted a hand-to-hand exchange consistent with a narcotics transaction. The white *721 male got back into the passenger side of the vehicle and the vehicle left.
Horn began to follow the vehicle and noticed that he couldn't see a license plate on the vehicle. He stopped the vehicle to check for the registration to determine whether the vehicle had been stolen. Horn exited his vehicle, approached the other vehicle and saw a temporary license plate on the lower corner of the back window. He spoke to the driver, Guillot, and asked him questions regarding his license plate and registration papers for the vehicle to verify that the temporary tag was valid. Horn asked the driver whether he or any of the passengers had any weapons or narcotics in the vehicle, and the driver told him "No." He then asked the driver, "Do you mind if I check around the vehicle?" and the driver told Horn, "No, fine, you can do whatever you like."
The driver got out of the vehicle, and because Horn was by himself, he asked the two passengers, later identified as defendant, Kempton, and Cangelosi, to step out of the vehicle. Horn called for another unit for backup. After obtaining identification of the passengers, he ran a criminal history check on all three persons. The dispatcher advised Horn that the two passengers were wanted on outstanding warrants or attachments in Jefferson Parish.
After Deputy Michael Aicklen, in a backup unit, arrived on the scene, the two officers placed the two passengers under arrest for the attachments, and Agent Horn advised them of their Miranda[1] rights. Horn and Aicklen searched the passengers for weapons and obvious contraband, but found nothing.
The two men were placed in the back of Deputy Aicklen's police car and transported to the Jefferson Parish Correctional Center (JPCC), a trip lasting five to ten minutes. During the drive, Aicklen noticed that defendant, Kempton, who was seated directly behind Aicklen in the rear seat, was "squirming a lot, moving a lot, and turning to his side a lot." The other suspect did not move around. When they arrived at JPCC, Aicklen advised Agent Horn that he wanted to conduct a search of his vehicle after the passengers were taken out because the actions of the individual seated behind him were "unusual," and that he had been moving around a lot.
After the passengers were removed, Aicklen searched the vehicle. He raised up the rear seat and noticed a clear plastic bag containing a white substance about two or three inches from the front of the seat and notified Agent Horn.
Agent Horn confiscated the bag, marked it, sealed it and put it into the evidence locker. He told the two passengers, "look guys, we found some substance in the back of the car that I believe is cocaine, and it's got to belong to one of you two guys. One of you should own up to it. If you don't, both of you are liable to be charged for it." Horn stated at that point, Kempton said, "all right, I'll take it. I don't want him to go to jail for it, so I'll take it."
At trial, Deputy Aicklen testified that in some cases, when individuals move around a lot in the back of the police car, the officers find contraband inside the vehicle. On cross-examination, Aicklen stated that most people who ride in the rear seat lean up against the back of the seat to be transported to the JPCC, and that it was uncommon for a person in the back seat to turn to the side during the ride. Deputy Aicklen further testified that it was usual procedure to search his vehicle for contraband prior to going on duty, and that he did so in this case, but found nothing. He also testified that no one else *722 rode in the back of his vehicle from the time he went on his shift to the time that defendant's arrest was conducted which was about one hour, and that he had not transported anyone to JPCC prior to defendant and the other passenger on that day.
Daniel Waguespack of the Jefferson Parish Sheriff's Office, who was called as a witness by the State and qualified as an expert in the field of forensic science, testified at trial that he performed tests on white powder and found it to contain cocaine hydrochloride and inositol which was used to increase the volume of cocaine. Waguespack also stated that the gross weight of the cocaine was two grams.

ASSIGNMENTS OF ERROR
On appeal defendant raises two issues regarding sufficiency of the evidence and erroneous admission of evidence. When the issues on appeal relate to both the sufficiency of the evidence and one or more trial errors, such as the erroneous admission of evidence, the reviewing court should first determine the sufficiency of the evidence by considering all of the evidence, including evidence the trial court may have erroneously admitted. State v. Hearold, 603 So.2d 731, 734 (La. 1992); State v. Mayeux, 94-105 (La.App. 5 Cir. 6/28/94), 639 So.2d 828, 834. If the appellate court determines that the evidence was insufficient, then the defendant is entitled to an acquittal, and no further inquiry as to trial errors is necessary. However, if the appellate court finds that the totality of the evidence was sufficient to support the defendant's conviction, it must then determine whether the trial court erred in admitting the questioned evidence and, if so, whether the court's error requires a reversal of the conviction or was harmless. State v. Alexis, 98-1145 (La.App. 5 Cir. 6/1/99), 738 So.2d 57, 64, writ denied, 99-1937 (La.10/13/00), 770 So.2d 339.
In this appeal, defendant argues that the evidence was legally insufficient to support the conviction. Specifically, he contends that the cocaine found in the back seat of the police vehicle could have belonged to the other man in the vehicle and, therefore, every reasonable hypothesis of innocence was not excluded.
The standard for reviewing the sufficiency of evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, the court held that due process requires the reviewing court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 provides that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." State v. Captville, 448 So.2d 676, 678 (La. 1984); State v. Wooten, 99-181 (La.App. 5 Cir. 6/1/99), 738 So.2d 672, 675, writ denied, 99-2057 (La.1/24/00), 753 So.2d 208. Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude, according to reason and common experience, the existence of other connected facts. State v. Bullard, 29,662 (La.App. 2 Cir. 9/24/97), 700 So.2d 1051. This is not a separate test from that stated in Jackson, supra, but rather provides a helpful basis for determining the existence of reasonable doubt. State v. Jones, 00-980 (La.App. 5 Cir. 10/19/00), 772 So.2d 788, 791. Ultimately, evidence both direct and circumstantial, must be sufficient under Jackson to satisfy a rational *723 juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, Ortiz v. Louisiana, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
In the instant case, defendant was convicted of knowingly or intentionally possessing cocaine, a violation of LSA-R.S. 40:967C, which provides in pertinent part as follows: "It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II...." Cocaine is classified in Schedule II as a controlled dangerous substance. LSA-R.S. 40:964.
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the cocaine and that he knowingly possessed it. State v. Ruffin, 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85, 87. The State, however, need only establish constructive possession of a controlled dangerous substance, rather than actual possession, to support a conviction. Id. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Id. Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 117, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464. Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. Id., citing State v. Johnson, 404 So.2d 239, 245 (La.1981), cert. denied, Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).
In the instant case, the evidence supports the State's position that defendant attempted to hide the bag of cocaine underneath his seat during the ride to the JPCC. Defendant's unusual actions during the ride caused Deputy Aicklen to become suspicious. Aicklen searched the vehicle once he arrived at the JPCC and found the bag containing the cocaine underneath the seat where defendant was seated. Aicklen testified that the cocaine was not in the car before he transported defendant and the other suspect. Further, defendant agreed to "take the charge" so that his friend would not have to go to jail. We find that the evidence adduced at trial was sufficient under the Jackson standard and that rational trier of fact could have found that the defendant was in possession of cocaine.
Defendant also argues in this appeal that his statement to Agent Horn should have been suppressed because it was the direct result of a threat by Agent Horn and, therefore, it was not voluntary.
Defendant alleges that Agent Horn's statement that both men would be arrested for possession if one of them did not admit ownership was a threat and therefore his admission of ownership was coerced, and not freely and voluntarily given.
Before a confession or inculpatory statement can be admitted into evidence, it must be established that the accused who makes the statement during custodial interrogation was first advised of his Miranda rights and that the statement was made freely and voluntarily and not under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Murray, 00-1380 (La. App. 5 Cir. 2/28/01), 782 So.2d 132, 134-135 (citing State v. Pittman, 95-382 (La.App. 5 Cir. 10/1/96), 683 So.2d 748; LSA-C.Cr.P. art. 703(D); LSA-R.S. 15:451). Whether a showing of voluntariness has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case. The admissibility of a confession or statement is in the first instance a *724 question for the trial judge and his conclusions on the credibility and weight of the testimony relating to the voluntary nature of the confession or statement will not be overturned unless unsupported by the evidence. State v. Murray, 782 So.2d at 135 (citing State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790). A confession is not rendered inadmissible because officers "exhort or adjure" an accused to tell the truth, provided the exhortation is not accompanied by an inducement in the nature of a threat or which implies a promise of reward. State v. Watts, 98-1073, (La.App. 5 Cir. 5/19/99), 735 So.2d 866, 870, citing State v. Robertson, 97-0177 (La.3/4/98), 712 So.2d 8, 31, cert. denied, Robertson v. Louisiana, 525 U.S. 882, 119 S.Ct. 190, 142 L.Ed.2d 155 (1998).
We find that the record supports the trial court's determination that the statements were freely and voluntarily given. Agent Horn's statement was not a threat; he was simply giving information to the two suspects. Defendant was advised of his Miranda rights before giving the statements; he was aware that he had the right to remain silent and the right to speak to an attorney.
We find that the trial court did not err in denying defendant's motion to suppress.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990) and find none which merit attention.

CONCLUSION
For the above discussed reasons the defendant's conviction and sentence are affirmed.
AFFIRMED
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).