829 So.2d 587 (2002)
STATE of Louisiana
v.
Jimmy SEGURA.
No. 02-KA-280.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Gregory M. Kennedy, Assistant District *588 Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
James A. Williams, Gretna, LA, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and THOMAS F. DALEY.
SOL GOTHARD, Judge.
Defendant, Jimmy Segura, appeals his conviction and sentence for attempted possession of cocaine. For reasons that follow, we affirm.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Jimmy Segura, along with codefendant, Gregory Jones, with possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967(A).[1] The defendant pled not guilty at arraignment. On January 9, 2001, the defendant waived his right to a jury trial and proceeded to a bench trial, after which the trial judge found defendant guilty of the responsive verdict of attempted possession of cocaine.
On February 1, 2001, the trial judge denied defendant's motion for new trial, and sentenced the defendant to serve one year at hard labor. On that same day, the State filed a bill of information accusing defendant of being a third felony offender based on two prior convictions of possession of cocaine. After being advised of his rights as a multiple offender, the defendant stipulated to the allegations therein. The trial judge vacated the previous sentence and imposed an enhanced sentence of fifteen months at hard labor. This timely appeal followed.

FACTS
On August 20, 1999, around midnight, Deputies John Doyle and Kevin Guillot of the Jefferson Parish Sheriff's Office set up surveillance across from the intersection of Tudor and Jefferson Highway. Deputy Doyle testified at trial that the officers had received information that a black male named "Jimmy" would be driving a red Grand Am, and would be arriving at that location within thirty minutes to deliver crack cocaine. According to the officers' information, this person was "transporting narcotics from New Orleans to Jefferson Parish."
As predicted, a black male driving a red car arrived within thirty minutes and stopped at a house nearby. When the officers observed the car leave the house, they followed it as it traveled down Jefferson Highway.[2] At the intersection of Pear and Little Farms Road, the driver ran a stop sign. Deputy Doyle testified that when he activated the lights and siren on his police car, the other car sped away. While the vehicle was fleeing, the officers observed the front seat passenger throwing small, rock-like objects out of the passenger's side window. According to Deputy Doyle, it appeared as though a bag was being emptied. The car was ultimately stopped with the assistance of Deputy DeSalvo, who was driving another police unit that blocked the car's path.
When Deputies Doyle and Guillot approached the vehicle, they saw Gregory Jones, the front seat passenger, attempting *589 to "conceal more contraband" in the air-conditioner vent. Defendant was in the driver's seat and Kevin Cross was seated in the back seat. The deputies ordered all three men out of the car. Both the defendant and Jones were arrested, but Cross was released. Deputy Doyle explained that he did not arrest Cross because the deputy had no information about Cross, and did not observe Cross in possession of contraband. Approximately $700.00 in cash was seized from Jones. But, Deputy Doyle testified that he did not find any cocaine on the defendant, and could not recall whether any money was seized from defendant.
Both Deputies Doyle and Guillot acknowledged that the officers searched the area where they believed the passenger had thrown objects from the vehicle, but did not find them. Deputy Guillot testified that he retrieved the objects that Jones had stuffed into the vent, and Deputy Doyle identified the retrieved substance as State's Exhibit One at trial. According to the State's expert forensic scientist, State's Exhibit One was a plastic bag containing several off-white rocks that tested positive for the presence of cocaine and weighed 1.5 grams.
Kevin Cross testified on behalf of the defense. According to Cross, he had never before met defendant. He had first encountered Gregory Jones at a gas station a few days before this incident. Cross said that Jones admired the tint on his car's windows as they both pumped gas. Cross told Jones that he tinted windows for a living, and he gave Jones his telephone number. According to Cross, Jones called him on the night of the incident, and Cross asked Jones to pick him up because his car was broken. Jones and defendant arrived at Cross' home on Tudor, and Cross walked out to meet them. Cross denied that there was any discussion about drugs, and further said that he did not see defendant in possession of any drugs. Cross acknowledged that defendant did not come to a complete stop at the stop sign, but denied that defendant attempted to elude the police. Cross said that he did not see Jones throw anything from the passenger's side window. According to Cross, the police thoroughly searched the vehicle, but did not find any drugs. Cross admitted that he was presently incarcerated for possession of stolen property and simple burglary.
On cross-examination, Kevin Cross said that he had gone to school with Deputies Doyle and Guillot, but denied suppling information to Deputies Doyle or Guillot regarding this case.

ASSIGNMENT OF ERROR
In brief to this court, defendant assigns one error for our review. The defendant contends that there is insufficient evidence to support his conviction of attempted possession of cocaine because the State did not establish his specific intent to possess the cocaine. The State responds that the evidence is sufficient to support the defendant's conviction because defendant had dominion and control over the drugs by having access to the area where the drugs were found.
The appropriate standard for determining the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to Jackson, the reviewing court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See also, State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291, 1293.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 provides that "assuming every *590 fact to be proved that the [circumstantial] evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a separate test from the Jackson standard, but rather provides a helpful basis for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Captville, 448 So.2d 676, 678 (La.1984); State v. Wooten, 99-181 (La.App. 5 Cir. 6/1/99), 738 So.2d 672, 675, writ denied, 99-2057 (La.1/14/00), 753 So.2d 208.
The defendant was convicted of the responsive verdict of attempted possession of cocaine. According to LSA-40:967(C), it is unlawful for any person knowingly or intentionally to possess cocaine. An attempt is defined in LSA-R.S. 14:27, which provides in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
. . . .
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
. . . .
Thus, the State had to prove that the defendant had the specific intent to possess cocaine, and that defendant did, or omitted to do, an act tending directly toward possessing cocaine. Specific criminal intent exists "when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1). Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. State v. Chattman, 01-556 (La.App. 5 Cir. 10/30/01), 800 So.2d 1043, 1048.
The defendant asserts that the State failed to prove he had the specific intent to possess the cocaine. The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 69, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118. Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. Id.
The element of possession includes both "actual" and "constructive" possession. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1331. A person who is not in physical possession of drugs may have constructive possession when the drugs are under that person's dominion and control. State v. Williams, supra, 735 So.2d at 69.
Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Riley, 587 So.2d 130, 133 (La.App. 2 Cir.1991).
In Williams, this Court recognized several factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession, as follows: 1) the defendant's knowledge that illegal drugs were in the area; 2) his relations with the *591 person found to be in actual possession; 3) the defendant's access to the area where the drugs were found; 4) evidence of recent drug use by the defendant; 5) the existence of paraphernalia; and, 6) evidence that the area was frequented by drug users. State v. Williams, supra, 735 So.2d at 69.
In support of his argument, the defendant cites State v. Bell, 566 So.2d 959 (La.1990). Defendant contends that, under Bell, the State must show more than mere presence near the drugs to establish possession.
In Bell, both the driver and passenger were convicted of attempted possession of cocaine discovered in the driver's vehicle. The Louisiana Supreme Court affirmed the driver's conviction, but reversed the passenger's conviction. The cocaine was discovered after the police approached the vehicle to ask the occupants to turn down the music. When they neared the vehicle, the police observed a package containing white powder among some cassette tapes in a plastic console between the front seats. State v. Bell, supra, 566 So.2d at 959.
The Louisiana Supreme Court acknowledged that, although a jury could have reasonably found Bell was aware of the contents of the package, a rational fact-finder could not have concluded that Bell exercised control and dominion over the package or that he willfully and knowingly shared the right to control the package with the driver. The Bell court pointed out that there was no evidence that Bell exercised any control over the vehicle, that he had any other drugs in his possession on his person, that he appeared under the influence of narcotics, or that he had possession of any drug paraphernalia. Id. at 959-960.
In contrast, the court concluded the evidence was sufficient to support possession of cocaine convictions for all three occupants of a vehicle where cocaine was found in State v. Ankrum, 573 So.2d 244 (La. App. 1 Cir.1990). In Ankrum, the police received a tip that defendants were in possession of cocaine. The tip described the defendants' vehicle and the general location of the vehicle. The police spotted the vehicle and started following the car in an unmarked police unit. After the rear seat passenger looked back and apparently recognized the police unit, the car accelerated and ran a stop sign. The officer activated his lights and siren, and a chase ensued during which the driver made several more traffic violations. Id. at 245.
The vehicle was ultimately stopped, and all of the occupants became involved in physical altercations with the police. The car was later searched at the police station where a clear plastic bag containing marijuana was found on the front passenger seat and a clear bag of rock cocaine was found on the back right floorboard under papers and other "debris." The court noted that the cocaine was not "cleverly concealed or in any way out of reach of each defendant," and that the record supported a finding that all three defendants had constructive possession of the cocaine. State v. Ankrum, supra, 573 So.2d at 247. The court affirmed the convictions, concluding that a rational trier of fact could have found beyond a reasonable doubt that each defendant had dominion and control over the cocaine and knowingly possessed it. Id.
As pointed out by State v. Bell, supra, 566 So.2d at 959-960, each of these cases turns on its particular facts. In the present case, we conclude that the evidence offered in the matter before us excluded every reasonable hypothesis of innocence. We base this finding on the fact that the officers had information which targeted the defendant as transporting drugs, and *592 the fact that the cocaine was in the front of the car. Further, defendant's flight from police after running the stop sign is indicative of defendant's guilty knowledge. See, Illinois v. Wardlow, 528 U.S. 119, 124-25, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000), in which the court stated that "[h]eadlong flightwhenever it occursis the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."
Accordingly, we find the evidence presented is sufficient to prove defendant had the specific intent to possess the cocaine Jones stuffed into the car's vent. Thus, we find no merit in defendant's argument regarding insufficiency of evidence.
In our review of the record for errors patent it is noted that the trial judge failed to specify that the defendant's enhanced sentence would be without benefit of probation or suspension of sentence, as required by LSA-R.S. 15:529.1(G). However, the trial court did not place the defendant on probation or suspend the sentence. Under these circumstances, we hold that a trial court is in "substantial compliance with the sentencing directives of the multiple offender statute" when it does not affirmatively suspend any portion of the enhanced sentence or impose any probationary period, despite the failure to include the above restrictions. See, State v. Munson, 00-1238 (La.App. 5 Cir. 2/14/01), 782 So.2d 17, 21, and the cases cited therein.
Moreover, under LSA-R.S. 15:301.1 and State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 800-801, which interprets that statute, the sentence is "deemed" to contain these restrictions, as provided by Paragraphs A and C of that article:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
. . . .
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
(Emphasis added).
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The trial judge granted defendant's motion to sever. Gregory Jones subsequently pled guilty as charged, reserving his right to challenge the trial judge's denial of the motion to suppress. This Court affirmed Jones' conviction in State v. Jones, 01-177 (La.App. 5 Cir. 10/17/01), 800 So.2d 958.
[2] According to Deputy Doyle, officers ultimately determined that the location was the home of Kevin Cross, a passenger in the back seat of the vehicle.