STATE OF LOUISIANA,
v.
DOMINIQUE J. WISE.
No. 2009 KA 0975.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
WALTER P. REED, District Attorney, Counsel for Plaintiff-Appellee, State of Louisiana.
KATHRYN W. LANDRY, Special Appeals Counsel, FRANK SLOAN, Louisiana Appellate Project, Counsel for Defendant-Appellant, Dominique J. Wise.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Defendant, Dominique J. Wise, and co-defendant, Joshua M. Harris, were jointly charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C).[1] Defendant pled not guilty. Following a trial by jury, defendant was convicted as charged. Defendant moved for post-verdict judgment of acquittal and for a new trial. The trial court denied both motions and sentenced defendant to imprisonment at hard labor for five years. Defendant moved for reconsideration of the sentence which the trial court denied. Defendant now appeals. We affirm defendant's conviction and sentence.

FACTS
During the nighttime hours of May 13, 2008, St. Tammany Parish Sheriffs Office Deputy Julie Boynton was patrolling the area near Palm Drive and East Hillcrest Drive in Slidell. Boynton knew the area to be one where a high rate of criminal activity occurred. As she drove northbound on Palm Drive, Boynton observed a car parked in her lane of travel. There were no lights on and the vehicle was "blacked out." However, Boynton realized the vehicle's engine was running when she noticed smoke coming from the exhaust. Boynton decided to approach the vehicle to investigate. Once she turned around, Boynton noticed that the vehicle did not have a license plate. Boynton approached and tapped on the vehicle's window. The window was lowered and a huge cloud of smoke exited the vehicle. Based on her training and experience, Boynton was certain that the smoke was from burning marijuana. Boynton asked the driver, Harris, and the passenger, defendant, to exit the vehicle and produce identification. Defendant provided his identification, but Harris did not. Harris advised that his identification was on the driver's seat inside the vehicle. He responded affirmatively when Boynton asked for permission to retrieve it.
Boynton walked over to the opened driver's side door and looked inside. Harris's license was sitting on the seat. As she reached down to pick up the license, Boynton observed several small white rocks also sitting on the driver's seat. Suspecting that the rocks contained cocaine, Boynton seized them and conducted a field test. The test confirmed the presence of cocaine. Boynton secured the illegal drugs, read defendant and Harris their Miranda rights and placed them under arrest. Boynton then returned to search the vehicle. She found a larger white rock on the floor in the middle of the vehicle at the front of the console. This rock also tested positive for cocaine. No other drugs, drug paraphernalia or weapons were found during the search of the vehicle or the individuals. When Boynton questioned the men about the cocaine found inside the vehicle, both individuals indicated they knew nothing about it. According to Boynton, defendant and Harris admitted that they smoked marijuana but denied any knowledge of the existence of the crack cocaine rocks. Neither defendant nor Harris ever indicated that the illegal drugs belonged to the other.
The vehicle subsequently was determined to belong to Harris. Boynton testified that both men were arrested for possession because the larger rock found on the floorboard was within arm distance from both front seats and was visible from the front passenger seat of the vehicle.

ASSIGNMENT OF ERROR #1
In his first assignment of error, defendant asserts there was insufficient evidence to support the jury's finding that he possessed the cocaine found inside Harris's vehicle. Specifically, he contends the State failed to prove more than his mere presence in a place where the cocaine was found. He contends the evidence failed to show he had any knowledge of the cocaine or that he exercised dominion or control over it.
The standard of review for sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. In conducting this review, we also must be expressly mindful of Louisiana's circumstantial evidence test, which states in part, "assuming every fact to be proved that the evidence tends to prove, in order to convict," every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. State v. Wright, 98-0601, p. 2 (La. App. 1st Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157, and XXXX-XXXX (La. 11/17/00), 773 So.2d 732. When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and the facts reasonably inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. Wright, 98-0601 at p. 3, 730 So.2d at 487.
On appeal, the reviewing court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events. Rather, the court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342, p. 7 (La. 10/17/00), 772 So.2d 78, 83.
La. R.S. 40:967(C), in pertinent part, provides, "[i]t is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II ..." Cocaine is a controlled dangerous substance classified in Schedule II. La. R.S. 40:964, Schedule II (A)(4).
To be guilty of the crime of possession of a controlled dangerous substance, one need not physically possess the substance; constructive possession is sufficient. Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. State v. Brisban, XXXX-XXXX, pp. 8-9 (La. 2/26/02), 809 So.2d 923, 929. The mere presence in the area where narcotics are discovered or mere association with the person who does control the drug or area where it is located is insufficient to support a finding of possession. Nevertheless, constructive possession may be found where the material is not in a person's physical possession, but is under his dominion and control. Brisban, XXXX-XXXX at p. 8, 809 So.2d at 929. The defendant can have constructive possession if he jointly possesses a drug that is in the physical custody of a companion, if he willfully and knowingly shares with his companion the right to control the drugs. State v. Harris, 94-0696, p. 4 (La. App. 1st Cir. 6/23/95), 657 So.2d 1072, 1075, writ denied, 95-2046 (La. 11/13/95), 662 So.2d 477.
A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Toups, XXXX-XXXX, p. 4 (La. 10/15/02), 833 So.2d 910, 913.
In State v. Bell, 566 So.2d 959 (La. 1990) (per curiam), both the driver and passenger were convicted of attempted possession of cocaine discovered in the driver's vehicle. The Louisiana Supreme Court affirmed the driver's conviction but reversed the passenger's conviction. The cocaine was discovered after the police officers approached the vehicle to ask the occupants to turn down their music. When they neared the vehicle, the police officers observed a package containing white powder among some cassette tapes on a plastic console between the front seats. Bell, 566 So.2d at 959.
The Louisiana Supreme Court acknowledged that, although a jury could have reasonably found Bell was aware of the contents of the package, a rational factfinder could not have concluded that Bell exercised control and dominion over the package or that he willfully and knowingly shared the right to control the package with the driver. The Bell court pointed out that there was no evidence that Bell exercised any control over the vehicle, that he had any other drugs in his possession on his person, that he appeared under the influence of narcotics, or that he had possession of any drug paraphernalia. Bell, 566 So.2d at 959-60.
In contrast, this court in State v. Ankrum, 573 So.2d 244 (La. App. 1st Cir. 1990), concluded the evidence was sufficient to support possession of cocaine convictions for all three occupants of a vehicle where cocaine was found. In Ankrum, the police officer received a tip that the defendants were in possession of cocaine. The tip described the defendants' vehicle and the general location of the vehicle. The police spotted the vehicle and started following the car in an unmarked police unit. After the rear seat passenger looked back and apparently recognized the police unit, the car accelerated and ran a stop sign. The officer activated his lights and siren, and a chase ensued during which the driver made several more traffic violations. Ankrum, 573 So.2d at 245.
The vehicle was ultimately stopped, and all of the occupants became involved in physical altercations with the officer. The car was later searched at the police station where a clear plastic bag containing marijuana was found on the front passenger seat and a clear bag of rock cocaine was found on the back right floorboard under papers and other "debris." This court noted that the cocaine was not "cleverly concealed or in any way out of reach of each defendant," and that the record supported a finding that all three defendants had constructive possession of the cocaine. This court affirmed the convictions, concluding that a rational trier of fact could have found beyond a reasonable doubt that each defendant had dominion and control over the cocaine and knowingly possessed it. Ankrum, 573 So.2d at 247.
After a thorough review of the record in this case, we are convinced the evidence presented, viewed in the light most favorable to the State, proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that defendant constructively possessed the cocaine found in Harris's vehicle. The evidence presented supports the jury's verdict of possession of cocaine. The State sufficiently proved defendant's dominion and control over the cocaine recovered from the vehicle and that he knowingly possessed it. The evidence presented at the trial established that defendant had access to the area where the crack cocaine rocks were found. He was present inside the vehicle where the cocaine was found in plain view and well within his reach. Boynton testified that the larger rock could "absolutely" be viewed from the passenger seat. Also, evidence of recent drug use was introduced. The testimonial evidence clearly established that marijuana was being smoked inside the vehicle occupied by defendant and Harris. The smoke-filled vehicle was parked in the roadway with the lights off and the engine running. A larger rock was found on the floorboard near the console and several smaller rock particles were located on the front driver's seat. From this evidence, particularly the marijuana smoke and the smaller particles of cocaine found on the seat, it was not unreasonable for the jury to conclude either that defendant and Harris were inside the vehicle using marijuana and cocaine when Boynton arrived, or at the least, that defendant was aware of the cocaine inside the vehicle and he jointly exercised dominion and control over it. The jury obviously accepted Boynton's testimony that the larger rock was clearly visible from the passenger seat and rejected the defense theory that it was so dark that defendant was unaware of the presence of the cocaine.
In reviewing the evidence, we cannot say that the jury's determination was irrational under the facts and circumstances presented to them. See State v. Ordodi, XXXX-XXXX, p. 14 (La. 11/29/06), 946 So.2d 654, 662. The facts and circumstances of this case support the inference that defendant and Harris jointly possessed the cocaine. This assignment of error lacks merit.

ASSIGNMENT OF ERROR #2
In this assignment of error, defendant contends that the trial court erred in imposing an excessive sentence. Specifically, he claims the sentence imposed is unconstitutionally excessive considering his mere presence as a guest passenger in the vehicle where such a small amount of crack cocaine was found. He asserts the five year maximum sentence, on a nineteen year old, shocks the sense of justice and is "just plain wrong."
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La. 1993). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La. 1985). Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979); State v. Lanieu, 98-1260, p. 12 (La. App. 1st Cir. 4/1/99), 734 So.2d 89, 97, writ denied, 99-1259 (La. 10/8/99), 750 So.2d 962. However, a trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lobato, 603 So.2d 739, 751 (La. 1992).
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. La. C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La. App. 1st Cir.), writ denied, 565 So.2d 942 (La. 1990). In light of the criteria expressed by article 894.1, a review of the individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La. App. 1st Cir. 1988). Remand for full compliance with article 894.1 is unnecessary if a sufficient factual basis for the sentence is shown. See State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
For the crime of possession of cocaine, the defendant was exposed to imprisonment with or without hard labor for not more than five years, and a fine of not more than $5,000. See La. R.S. 40:967(C)(2). The trial court sentenced the defendant to the maximum sentence. This court has stated that maximum sentences permitted under a statute may be imposed only for the most serious offenses and the worst offenders, State v. Easley, 432 So.2d 910, 914 (La. App. 1st Cir. 1983), or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. See State v. Chaney, 537 So.2d 313, 318 (La. App. 1st Cir. 1988), writ denied, 541 So.2d 870 (La. 1989).
Our review of the record in this case reveals that the trial judge did not articulate his reasons for the sentence imposed. The record reflects that on March 5, 2009, when the matter came before the court for sentencing, the judge stated:
Mr. Wise, you were found guilty of possession of cocaine by a jury on January 7, 2009. Sentencing delays have passed. You're now being sentenced in accordance with the provisions of Code of Criminal Procedure Article 894.1.
At this time, I sentence you pursuant to Article 881.1 of the Code of Criminal Procedure to five years hard labor with the Department of Corrections with a recommendation of the Impact [P]rogram.
Failure of the trial court to comply with article 894.1 does not, in and of itself, render a sentence invalid. A reviewing court will uphold the sentence if the record supports the sentencing choice. See State v. Wilkinson, 99-0803 (La. App. 1st Cir. 2/18/00), 754 So.2d 301, writ denied, 2000-2336 (La. 4/20/01), 790 So.2d 631.
The record in this case reveals that defendant is classified as a first offender. Although the court imposed the maximum imprisonment sentence for this offense, in mitigation, the trial court considered the likelihood that defendant would be placed in the Impact Program. See La. R.S. 15:574.4.1. Eligibility for parole is an amelioratory factor which may be considered in gauging the excessiveness of a sentence. State v. Lombard, 501 So.2d 889 (La. App. 5th Cir.), writ denied, 506 So.2d 504 (La. 1987).
The court also indicated its willingness to reconsider the sentence, under La. C.C.P. art. 881.1, in the event defendant was not accepted into the Impact Program.[2] Under these circumstances, the sentence does not shock our sense of justice. Although the trial court did not articulate the sentencing factors considered, the sentence is supported by the record and, thus, remand for full compliance with article 894.1 is unnecessary.
For the foregoing reasons, we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The record reflects that Harris pled guilty to the charge. He is not a party to this appeal.
[2] La. R.S. 15:574.4.1(G)(1) provides, "If an offender is denied entry into the intensive incarceration program for physical or mental health reasons or for failure to meet the department's suitability criteria, the department shall notify the sentencing court, and based upon the court's order, shall either return the offender to court for resentencing in accordance with the provisions of the Code of Criminal Procedure Article 881.1 or return the offender to a prison to serve the remainder of his sentence as provided by law." Although the sentencing judge did not specifically indicate that he would reconsider the sentence, his reference to article 881.1. in conjunction with the recommendation of the Impact Program, suggests that he was following the guidelines set forth in La. R.S. 15:574.4.1(G)(1).