FREDERICKA HOMBERG WICKER,
Judge.
| gAppellant, Joe Gillum, was tried and convicted for failing to register as a sex offender by possessing an altered identification card with the intent to defraud, a violation of La. R.S. 15:542.1.4. Mr. Gil-lum was sentenced to two years at hard labor without the benefit of parole. He appeals his conviction on the basis of the State’s alleged failure to present sufficient evidence to support his conviction. For the following reasons, we affirm his conviction and sentence.
FACTUAL AND PROCEDURAL HISTORY
On August 18, 1999, Mr. Gillum was convicted of indecent behavior with a juvenile.[1] On the morning of August 25, 2012, two Harahan police officers performed a traffic stop on Mr. Gillum after observing that his license plate was expired. After Mr. Gillum gave the police officers his driver’s license and identification cards, he was issued a citation for altering a driver’s license. At a plater date, Mr. Gillum was arrested pursuant to a warrant for failing to register as a sex offender by possessing an altered identification card with the intent to defraud, a violation of La. R.S. 15:542.1.4.
On January 22, 2013, Mr. Gillum’s case proceeded to trial. Officer David Mitchell testified that he and another police officer, Officer David Schneider, stopped Mr. Gil-lum on Jefferson Highway.after noticing that his vehicle had an expired license plate. Officer Mitchell testified that Mr. Gillum was driving the vehicle and that there was another occupant seated in the front passenger side of the vehicle. Officer Mitchell testified that he approached the passenger side of the vehicle while Officer Schneider approached the driver’s side. According to Officer Mitchell, Officer Schneider subsequently asked Officer Mitchell to approach the driver’s side of the vehicle and handed him a driver’s license which appeared to have white-out painted onto the lower right corner. According to Officer Mitchell’s testimony, he asked Mr. Gillum why a portion of his driver’s license had been whited-out. Mr. Gillum told Officer Mitchell that his grandchild enjoyed playing with his driver’s license and white-out. Thereafter, Mr. Gil-lum presented two additional forms of identification to the officers, both of which had white-out on the bottom right corner. Mr. Gillum was ultimately cited for altering his driver’s license and for driving with an expired license plate. Mr. Gillum signed the citations and the police kept the altered driver’s license and identification cards. Officer Mitchell testified that after giving Mr. Gillum the citation, Mr. Gillum asked, “Oh, I’m not going to jail?” Officer Mitchell testified that he advised Mr. Gil-lum that he was not going to jail, and would instead receive a citation for altering his driver’s license and identification cards.
Officer Mitchell testified that he subsequently placed the license, identification cards, and related citations in a “citation box” located within a secure | location inside of the Harahan Police Station. Officer Mitchell further testified that he had not previously written a ticket for an altered driver’s license and, at the time, did not know that it could be a felony if a sex offender altered his driver’s license. Ofifi- *927 cer Mitchell testified that Detective Joe Lorenzo reviewed the confiscated I.D. cards and assisted in obtaining an arrest warrant for Mr. Gillum for violating La. R.S. 15:542.1.4. Mr. Gillum was subsequently arrested pursuant to the warrant.
Chief Joe Lorenzo, Interim Chief of Police of Harahan, testified that he was a detective at the time of Mr. Gillum’s arrest and that he primarily handled the investigation of sex crimes and sex offenders. Chief Lorenzo testified that he examined Mr. Gillum’s identification cards and, after searching a police database, determined that Mr. Gillum was still required to register as a sex offender.
The State also called Lieutenant Luis Munguia, Commander of the Jefferson Parish Sheriffs Office Fingerprint Identification Section, which includes the Sex Offender Registration Division. Lieutenant Munguia testified that Mr. Gillum is one of the sex offenders he supervises and that Mr. Gillum had periodically renewed his- sex offender registration as required. He testified that Mr. Gillum signed a contract which informed him of his obligations as a registered sex offender. Lieutenant Munguia testified that sex offenders are required to have a State identification card issued which contains the words “SEX OFFENDER” in orange letters at the bottom of the card and a driver’s license of a sex offender is required to have the words “SEX OFFENDER” underneath the holder’s photograph.
The defense rested without calling any witnesses. On January 23, 2014, after a two-day trial, the jury returned a verdict of guilty as charged. On February 3, 2014, the trial court imposed a term of imprisonment of two years at hard labor | ¡^without benefit of parole, probation, or suspension of sentence. The instant appeal follows.
DISCUSSION
In his sole assignment of error, Mr. Gillum contends that the State did not present sufficient evidence to convict him at trial. Specifically, Mr. Gillum alleges that the State failed to prove beyond a reasonable doubt that he had the intent to defraud required to convict him under La. R.S. 15:542.1.4. According to Mr. Gillum, there was “no evidence introduced that Mr. Gillum was the person who placed the white out [sic] on the cards,” and “no evidence that Mr. Gillum possessed these cards with the intent to defraud.” For the following reasons, we find that the State presented adequate evidence to sustain Mr. Gillum’s conviction. Accordingly, we affirm Mr. Gillum’s conviction.
The standard for an appellate court’s review of the sufficiency of evidence in a criminal prosecution is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Bailey, 04-85 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 954-955, writ denied, '04-1605 (La.11/15/04), 887 So.2d 476. When the trier-of-fact is confronted with conflicting testimony, fact findings rest solely with that judge or jury, who may accept or reject, in whole or in part, any witness’s testimony. Bailey, 04-85, 875 So.2d at 955.
On appeal, it is not the function of a reviewing court to assess the credibility of witnesses or to re-weigh the evidence. State v. Hooker, 05-251, p. 17 (La.App. 5 Cir. 1/17/06), 921 So.2d 1066, 1076, citing State v. Marcantel, 00-1629, p. 9 (La.4/3/02), 815 So.2d 50, 56. The trier of fact makes credibility determinations, and | fimay, within the bounds of rationality, ac *928 cept or reject the testimony of any witness. State v. Bright, 98-0398, p. 22 (La.4/11/00), 776 So.2d 1134, 1148, citing State v. Hampton, 98-0331, p. 13 (La.4/23/99), 750 So.2d 867, 880.
La. R.S. 15:542.1.4 prescribes the penalties for failing to follow Louisiana’s guidelines for registering as a sex offender. Under La. R.S. 15:542.1.4:
Any person ... who is in possession of any document required by R.S. 32:412(1)[2] or R.S. 40:1321(J)[3] that has been altered with the intent to defraud, or who is in' possession of a counterfeit of any document required by R.S. 32:412(1) or R.S. 40:1321(J), shall, on a first conviction, be fined not more than one thousand dollars and imprisoned at hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
Under La. R.S. 15:542.1.4, the State was required to prove four elements in order to convict Mr. Gillum: (1) the defendant is a sex offender; (2) he is required to register as a sex offender; (3) he was in possession of an altered Louisiana Identification Card and/or Louisiana driver’s license; and (4) he had the intent to defraud.
The State satisfied the first two elements by way of joint stipulation entered into at the beginning of trial. With regard to the third element, Officers Schneider and Mitchell each testified that the defendant handed them one Louisiana Identification Card and two Louisiana driver’s licenses with white-out applied to them, which they confiscated. All three forms of identification were introduced |7into evidence. Mr. Gillum never challenged the authenticity of the driver’s license or identification cards at any point during either his trial or his appeal.
The fourth and final element that the State was required to prove to convict Mr. Gillum is the specific intent to defraud. Specific intent is an essential element of La. R.S. 15:542.1.4(0(1). Specific intent is defined by La. R.S. 14:10 as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act. Although the State presented no direct evidence to show that Mr. Gillum had the specific intent to defraud, the State presented sufficient circumstantial evidence for a rational juror to find beyond a reasonable doubt that Mr. Gillum intended to use the whited-out ID cards in a fraudulent manner.
In general, evidence may be either direct or circumstantial. “Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude, according to reason and common experience, the existence of other *929 connected facts.” State v. Kempton, 01-572 (La.App. 5 Cir. 12/12/01), 806 So.2d 718, 722. Under Louisiana law, “[t]he rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. However, circumstantial evidence is still subject to the Jackson standard of review. Therefore, a reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. Instead, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 83.
lsIn the context of other crimes for which the intent to defraud is an element, this Court has found that specific intent may be inferred from the circumstances and actions of the defendant. See State v. Sumling, 00-1641 (La.App. 5 Cir. 4/24/01), 786 So.2d 843, writ denied, 01-1483 (La.4/19/02), 813 So.2d 418. In general, specific intent is a legal conclusion to be resolved by the fact-finder. State v. Graham, 420 So.2d 1126 (La.1982). In State v. Hayden, this Court upheld the conviction of a defendant who dressed in a phony police uniform and drove a vehicle which looked like a police car. State v. Hayden, 97-1070 (La.App. 5 Cir. 02/25/98), 707 So.2d 1360, writ denied, 98-0811 (La.9/4/98), 723 So.2d 960.
In Hayden, the defendant testified that he was working as a bail bondsman at the time of his arrest, and that he was wearing a police uniform for protection in a dangerous neighborhood. Id. at 1362. On appeal, this Court found the evidence sufficient to convict the defendant of impersonating a police officer in spite of the conflicting explanations for his appearance and behavior on the night in question. Id. at 1365. This Court stated that, “the question of the credibility of the witnesses is within the sound discretion of the trier of fact” and that, under the Jackson standard, the testimony of the witnesses at trial was sufficient to convict the defendant. Id.
In this case, as in Hayden, the State, presented evidence which allowed the jurors to make a credibility determination at trial. As in Hayden, viewing the evidence in the light most favorable to the prosecution, we find that the State clearly met its burden of proof with regard to specific intent. Mr. Gillum presented no evidence at trial that his grandchild had anything to do with applying white-out only over the words “SEX OFFENDER” on his driver’s license and identification cards. In addition, the State presented testimony indicating that Mr. Gillum thought he was going to jail when he was originally issued a citation, indicating |9that he was aware that he had broken the law. Therefore, applying the Jackson standard of review, we find that, under the facts and circumstances of this case, the State presented sufficient evidence to support Mr. Gillum’s conviction.
ERRORS PATENT ANALYSIS
We have reviewed the record for errors patent pursuant to Louisiana Code of Criminal Procedure article 920 and address the following error.
The trial court failed to impose a mandatory fine. La. R.S. 15:542.1.4 mandates that a person convicted of failure to register as a sex offender under La. R.S. 15:542.1.4(A)(1) be fined a sum of not more than one thousand dollars. The Louisiana Supreme Court has held that an appellate court has the authority to correct an illegally lenient sentence that fails to impose a mandatory fine. State v. Decrevel, 03- *930 0259 (La.5/16/03), 847 So.2d 1197. However, this Court is not required to take such action. See State v. McGee, 09-102, p. 12 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242. Accordingly, we decline to amend Mr. Gil-lum’s sentence in this matter.
CONCLUSION
For the foregoing reasons, we find that the State presented sufficient evidence to support Mr. Gilldm’s conviction. Furthermore, we decline to amend his sentence. Accordingly, we affirm his conviction and sentence.

AFFIRMED.

. Both parties stipulated at trial that Mr. Gil-lum had been convicted in case number 98-7090, Div. “M” of the 24th Judicial District Court, and that said conviction requires the defendant to register as a sex offender under La. R.S. 15:535.

. "The Louisiana driver’s license, regardless of its class, issued to any person who is required to register as a sex offender pursuant to R.S. 15:542 and R.S. 15:542.1 shall contain a restriction code which declares that the license holder is a sex offender. The secretary of the Department of Public Safety and Corrections shall comply with the provisions of this Subsection and the driver’s license shall include the words "sex offender" which shall be orange in color." La. R.S. 32:412(1)

. "Any person required to register as a sex offender with the Louisiana Bureau of Criminal Identification and Information, as required by R.S. 15:542 et seq., shall obtain a special identification card issued by the Department of Public Safety and Corrections which shall contain a restriction code declaring that the holder is a sex offender. This special identification card shall include the words "sex offender” in all capital letters, which are orange in color and shall be valid for a period of one year from the date of issuance. This special identification card shall be carried on the person at all times by the individual required to register as a sex offender.” La. R.S. 40:1321(J)